OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 The trial court did not err in giving the missing witness charge. Although defendant had no burden to come forward with
 
 *636
 
 alibi evidence, once he did so, his failure to call an available witness to support the alibi could be brought to the jury’s attention inasmuch as it appeared that the witness, defendant’s wife, would be favorable to him and hostile to the prosecution and the testimony would not be trivial or cumulative (see
 
 People v Rodriquez,
 
 38 NY2d 95).
 

 Defendant’s assertion that the charge violated his marital privilege is unfounded. Although acts as well as words may be “communications”
 
 (People v Daghita,
 
 299 NY 194), they are riot privileged unless they are confidential
 
 (People v Melski,
 
 10 NY2d 78, 80). The privilege is “designed to protect not all the daily and ordinary exchanges between the spouses, but merely those which would not have been made but for the absolute confidence in, and induced by, the marital relationship”
 
 (id.).
 
 Despite defendant’s arguments to the contrary, it cannot be said that the mere fact of his presence or absence from his apartment constituted a communication which would not have been made but for the marital relationship.
 

 With regard to defendant’s objection to the propriety of his identification at a lineup, the trial court considered the circumstances of the identification, and found that it was not unduly suggestive. The Appellate Division affirmed this finding. Thus, the determination is beyond the scope of our review absent any alleged error of law
 
 (People v Dickerson,
 
 50 NY2d 937, affg 67 AD2d 122).
 

 The other purported errors raised by the defendant were not preserved for our review.
 

 Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur.
 

 On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed in a memorandum.