■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS STALLINGS, Appellant.—Judgment unanimously affirmed. Memorandum: The jury convicted defendant of rape in the first degree and petit larceny. The charges arose from the forcible rape of a 22-year-old woman on the early morning of January 15, 1983. Defendant's several claims of error with respect to the court's charge are all without merit and only one requires comment. He contends that the court erred in giving a missing witness charge to the jury. We disagree.

"[O]rdinarily, comment may not be made upon a defendant's failure to testify or otherwise come forward with evidence, but, once a defendant does so, his or her failure to call an available witness who is under defendant's control and has information material to the case may be brought to the jurors' attention for their consideration" (People v De Jesus, 42 NY2d 519, 525, citing People v Rodriguez, 38 NY2d 95, 98; see also, People v Terry, 83 AD2d 491, 493).

Here, defendant testified at trial that he was with the victim one week prior to the rape while he was in the company of a friend whom he had known since 1977. Defendant's testimony in this regard raised a central issue because it explained his possession at the time of his arrest of otherwise incriminating evidence consisting of the victim's watch

and unlisted telephone number. The uncalled witness could have supported defendant's claim that he had previously met and spent time with the victim.

The jury was properly instructed to determine whether the witness was under defendant's control before considering his failure to call the witness (*see, People v Terry, supra; People v Smith,* 60 AD2d 963). Additionally, on the subject of inference, the court charged only that the jury was permitted, but not required, to infer that the testimony of the uncalled witness would not have supported defendant's testimony as to his prior meeting with the victim (*cf. People v Terry, supra*). We find no error in the charge as given. (Appeal from judgment of Supreme Court, Erie County, Ostrowski, J.—rape, first degree.) Present—Dillon, P. J., Doerr, Boomer, O'Donnell and Pine, JJ.