■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANDELL WYNN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Golden, J.), rendered March 28, 1984, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered.

On January 17, 1983, at approximately 6:30 P.M., the defendant and an unapprehended accomplice allegedly robbed the complainant, at gunpoint, of a radio, a ring and over $100 in cash. The defendant was subsequently arrested and identified by the complainant in a lineup.

The defendant presented an alibi defense at trial. Both he and his girlfriend testified that they were watching television in his home at the time the robbery was alleged to have occurred. They further testified that they were also in the company of the defendant's brother, his cousins and a friend during part of the evening in question.

On appeal, the defendant contends, *inter alia,* that he was deprived of a fair trial because the court, in its instructions to the jury, commented upon his failure to call additional witnesses in support of his alibi defense.

As a general rule, "a court may not comment upon a defendant's failure to testify or otherwise * * * come forward with evidence, but, once a defendant does so, his failure to call an available witness who is under defendant's control and has information material to the case may be brought to the jurors' attention" *(see, People v Rodriguez,* 38 NY2d 95, 98). it is not, however, incumbent upon a party to call a witness, where that witness's testimony would only be trivial or cumulative to that of other witnesses *(see, People v Wilson,* 64 NY2d 634; *People v Almódovar,* 62 NY2d 126; *People v Williams,* 112 AD2d 177).

In the case at bar, both the defendant and his girlfriend gave a full account of his whereabouts on the evening in question. While further corroboration of the defendant's alibi might have strengthened his defense, the fact that he declined to call additional witnesses should have been left free of comment *(see, People v La Susa,* 87 AD2d 578, 579). There is no indication in the record that the missing witnesses were aware of facts material to the case nor any indication that they were in the exclusive control of the defendant. Rather, it appears that the testimony of these witnesses would merely have been cumulative to that of the defendant's girlfriend *(see,*

*People v Buckler,* 39 NY2d 895). Moreover, the defendant's girlfriend was the only alibi witness able to give a complete and detailed recitation of his activities during the critical span of time since the other potential witnesses were not with him at all times during the course of the evening. Accordingly, we conclude that the court erred in giving a missing witness instruction.

We further find that the prosecutor exceeded the legitimate bounds of advocacy during summation and that this misconduct further deprived the defendant of a fair trial. Bracken, J. P., Rubin, Lawrence and Eiber, JJ., concur.