■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE MORALES, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Weissman, J.), rendered February 6, 1984, convicting him of attempted burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in a light most favorable to the People and giving the prosecution the benefit of every inference to be drawn therefrom, as we must, the defendant's guilt was proven beyond a reasonable doubt (see, People v Malizia, 62 NY2d 755, 757, cert denied 469 US 932).

The trial court did not err in giving a missing witness charge with respect to the defendant's girlfriend. "Ordinarily, a court may not comment upon a defendant's failure to testify or otherwise to come forward with evidence, but, once a defendant does so, his failure to call an available witness who is under defendant's control and has information material to the case may be brought to the jurors' attention for their consideration" (People v Rodriguez, 38 NY2d 95, 98; see also, People v Wilson, 64 NY2d 634; People v De Jesus, 42 NY2d 519, 525). The defendant at bar took the stand and testified that he had been at his girlfriend's house on the night of the crime charged. The defendant further testified that he was walking directly home when he was stopped by a police officer and taken to the scene of the instant burglary. Contrary to the defendant's contention, this testimony tended to establish an alibi defense. Hence, any testimony the defendant's girlfriend might have provided was material and necessary to the case and the defendant's failure to call this witness could be brought to the jury's attention (see, People v Wilson, supra; People v Stallings, 112 AD2d 702; cf. People v Williams, 112 AD2d 176). The court also properly instructed the jury to determine first whether the defendant's girlfriend was avail-

able to testify for the defendant before considering the defendant's failure to call her, and that the adverse inference the jury could draw therefrom was permissive.

We further note that even if the missing witness charge had been erroneous, the overwhelming evidence of the defendant's guilt would have rendered any error harmless in this regard (see, *People v Crimmins,* 36 NY2d 230). Thompson, J. P., Brown, Eiber and Kunzeman, JJ., concur.