■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRYL CARATHERS, Appellant.—Judgment of the Supreme Court, New York County (Clifford Scott, J.), rendered February 21, 1986, convicting defendant, after jury trial, of two counts of each of robbery in the first degree and second degree, attempted robbery in the first degree and attempted robbery in the second degree, and sentencing him, as a predicate violent felon, to concurrent indeterminate prison terms of from 12½ to 25 years on the first degree robbery counts, 4 to 8 years on the second degree robbery and attempted first degree robbery counts, and 2½ to 5 years on the attempted second degree robbery count, unanimously affirmed.

Kevin and Dwayne Fleming, Kenneth Jones and several other friends were playing basketball. During the game, defendant and James Granum, acquaintances of the Flemings, drove up in Granum's car. Granum called Dwayne over and asked him for money, and Dwayne walked away. Later that evening, defendant returned with Terron Grant. Grant drew a gun and announced a robbery. Defendant held his hand in a black pouch from which the handle of a gun protruded. Dwayne fled and Grant fired a shot at him and missed. Grant snatched a gold chain from Kevin Fleming's neck and appellant snatched a chain from around Jones' neck. The robbers left, and the Flemings reported the incident to the police. After the robbery, the Flemings saw the robbers enter Granum's car with Granum in the back seat. Defendant was arrested later that night. Defendant possessed Kevin's chain in his black pouch. A gun similar to one of the guns used in the robbery was recovered from Granum's apartment. Grant was arrested a week later and identified in a lineup.

At trial, defendant asserted that he was with several other acquaintances when the robbery occurred and, thus, raised an alibi defense. However, defendant never made an attempt to contact any of these people to testify on his behalf. Grant claimed he was with his girlfriend at his home when the robbery occurred. The jury was deadlocked with respect to Grant and a mistrial was declared. Upon retrial, Grant was convicted.

Despite the fact that defendant asserts that his guilt was not proven, the evidence was sufficient to support his guilt beyond a reasonable doubt. The character of the witnesses and the minor inconsistencies in their testimony presented credi-

bility issues for the jury (see, People v Mosley, 112 AD2d 812, 814, affd 67 NY2d 985).

Defendant raises several issues regarding the gun which was recovered from Granum's apartment. These claims are not preserved for review as a matter of law, and we decline to reach them (CPL 470.05 [2]). Were we to consider them, in the interest of justice, we would nonetheless find them to be without merit.

Defendant complains that the prosecutor inquired and commented about the missing alibi witnesses. However, once defendant presented affirmative evidence it was permissible for the prosecution to bring to the jury's attention defendant's failure to present available witnesses under his control who, it may be inferred, had material, noncumulative testimony to give on his behalf (People v Rodriguez, 38 NY2d 95). The prosecutor's inquiry and comment were thus within the bounds of proper advocacy.

Finally, we are unpersuaded that the sentence imposed was unduly harsh or severe. Taking into account, "among other things, the crime charged, the particular circumstances of the individual before the court and the purpose of a penal sanction", we perceive no abuse of discretion warranting a reduction in sentence (People v Farrar, 52 NY2d 302, 305).

We have considered plaintiff's other claims and find them to be without merit. Concur—Ross, J. P., Carro, Asch and Rubin, JJ.