OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed and a new trial ordered.
It was error to deny defendant’s timely request for a missing witness charge. On this appeal, the People do not dispute that defendant met her initial burden of establishing prima facie that the police informant Ephraim Pena was knowledgeable about a pending material issue in the case — albeit an issue that was raised by the defendant. Moreover, it cannot be doubted that there was a sufficient showing that Pena was in the "control” of the People and could be expected to testify favorably to them. Pena’s relationship with law enforcement officials spanned a number of years, and it was Pena who informed the police that defendant — whose existence was *724 previously unknown to the police — had had part of a shipment of cocaine delivered to her apartment.
Accordingly, it was incumbent upon the People, in order to defeat defendant’s request for a missing witness charge, to demonstrate that Pena was "not knowledgeable about the issue, that the issue [was] not material or relevant, that though the issue [was] material or relevant, the testimony would be cumulative to other evidence, that [Pena was] not 'available,’ or that [he] was not under [the People’s] 'control’ such that he would not be expected to testify in [their] favor.” (People v Gonzalez, 68 NY2d 424, 428.) This the People failed to do.
In response to defendant’s prima facie showing, the prosecutor denied that Pena was under the People’s control, as Pena no longer worked for the District Attorney. The prosecutor also contended that Pena was unavailable, asserting that he had been told by Detective Luis Ramos that Ramos "believed” that Pena was incarcerated somewhere in Texas, although the prosecutor did not know why Ramos thought that. The prosecutor was unable to supply any further information about Pena’s whereabouts, despite the fact that he had been on notice since early in the trial that defendant intended to seek a missing witness charge, but insisted that the People could not produce Pena at this point.
These conclusory remarks were inadequate to rebut defendant’s prima facie showing. Control is a "relative concept” and the inquiry is directed to the relationship between the witness and the parties rather than physical availability (see, People v Gonzalez, 68 NY2d, at 429, supra). The fact that a witness has at some time been a police informant does not invariably establish that he or she can be expected to give favorable testimony to the People, although it may well evidence a disposition to do so. However, a witness who has provided key information in the very case at hand can surely be expected to give testimony favorable to the People, absent some unusual circumstance. That Pena was not currently working for the District Attorney did not constitute such a circumstance, and in no way rebutted the rational inference that, consistent with the information he had provided in the investigatory phase of the case, he would testify favorably at trial.
As for the contention that Pena was unavailable by virtue of his supposed incarceration in Texas, the prosecutor’s vague references to that possibility were inadequate to demonstrate *725 that Pena was beyond the power of the People to produce. We need not decide — if a proper showing had been made that Pena was indeed incarcerated in a Texas prison — whether that would have rendered him practically unavailable; that would have been a decision for the trial court to make based on the facts before it. But the prosecutor failed even to meet its preliminary obligation of showing that diligent efforts had been made to locate Pena. To the contrary, the prosecutor had made only the most cursory attempt to ascertain where Pena was, and therefore there was no basis to determine whether or not he could be produced.
Finally, the error in refusing to deliver the missing witness charge to which defendant was entitled cannot be said to be harmless. The evidence of defendant’s guilt consisted only of the presence of the cocaine in her apartment and a spontaneous admission she allegedly made to Detective Ramos. It was defendant’s contention that the cocaine had been planted by Pena himself, and several defense witnesses testified that Pena had access to the closet where the cocaine was later found by the police, acting on information supplied by Pena. Defendant denied making the admission attributed to her by Detective Ramos, who notably, did not record it. Moreover, Pena’s absence was a point argued by counsel in summation, and the jury evidently found it important, as it sent a note asking whether Pena could have been subpoenaed by the defense. Thus, it cannot be said that there was no significant probability that a properly instructed jury would have acquitted defendant (People v Crimmins, 36 NY2d 230, 242).
We have considered defendant’s suppression claim, and conclude that it is without merit.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur in memorandum.
Order reversed, etc.