■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES A. ARDALE, Also Known as SALVATORE LABRUSCIO, Appellant.—Judgment, Supreme Court, New York County (Richard D. Carruthers, J.), entered April 5, 1989, convicting defendant, after jury trial, of robbery in the first degree, criminal possession of a weapon in the third degree, forgery in the second degree and criminal possession of stolen property in the fourth degree, and criminal possession of a weapon in the second degree, and sentencing him to concurrent terms of imprisonment of 8-⅓ to 25 years, 2-⅓ to 7 years, 2-⅓ to 7 years, and one year, respectively, to run consecutively to a term of 5 to 15 years for the second degree weapons possession charge, unanimously affirmed.

During November and December of 1987, defendant engaged in consensual homosexual relations with the complainant, receiving a small monetary loan after each liaison. On December 15, 1987, after sexual relations, defendant pulled a gun on the complainant, tied him up, and stole a wallet and other items. At 2:00 A.M. that morning, defendant checked into a hotel, in the company of a woman, signed the registration book in the victim's name, and paid for the room with the victim's credit card. Shortly afterwards, security guards responded to the woman's complaint of a robbery, and apprehended defendant as he was exiting the hotel. When defendant displayed a pistol, it was removed from him. At trial, defendant explained his possession of the credit card by claiming that he was a gambler who often played cards with the complainant and two other persons, that the complainant owed him large sums of money, and that he was given the card so that he could enjoy "a night on the town".

The prosecutor's question during cross-examination of defendant, i.e., whether he had made a racial comment to the security guards, was improper. However, the jury was directed to disregard the comment, an instruction which we presume was followed (People v Davis, 58 NY2d 1102, 1104). While additional questions during cross-examination of defendant, referring to the extent of counsel's pretrial preparation of the defendant, were improper, again defendant's objections were

sustained, and the court cut off responses, leaving the unanswered questions as the only impropriety. Since defendant did not seek further curative relief, the claim is unpreserved (CPL 470.05 [2]). In any event, in view of the overwhelming evidence of guilt, none of the alleged misconduct would warrant reversal. We find no error with respect to the cross-examination of defendant with respect to his use of aliases, which was a matter put in issue by defendant on his direct examination.

The prosecutor's comment in summation, which insinuated that the defendant tailored his testimony, was error. However, again, in view of the overwhelming evidence, we view the error as harmless beyond a reasonable doubt. With respect to the prosecutor's reference to defendant's failure to produce the other two card players, defendant himself put this matter in issue. His own failure to come forward with some affirmative evidence in support thereof permitted adverse comment by the prosecutor (see, People v Carathers, 159 AD2d 383, lv denied 75 NY2d 964). Defendant's remaining challenges to the prosecutor's summation are meritless.

Evidence concerning a threatening call made to the complainant was never placed before the jury, since the prosecutor simply asked defendant whether he had called the complainant in October 1988. The prosecutor's cross-examination of defendant as to financial misstatements he had made on official forms, which related to defendant's past dishonesty, was proper impeachment. The prosecutor's elicitation from a security officer that the prostitute's complaint concerned defendant's robbery of her, followed a sidebar conference in which counsel clearly consented to bringing out this evidence. The court properly instructed the jury that this testimony did not come in for the truth of statements, but only as a report by a security officer of what he had been told, as an explanation for why defendant was detained. Defendant did not object, and any challenge clearly is waived. Defendant's appellate challenge to subsequent cross-examination of defendant with respect to this evidence, to wit, that the prosecutor failed to provide notice of intent to cross-examine as to uncharged crimes, also is unpersuasive.

Defendant's sentence is not excessive. Concur—Sullivan, J. P., Ellerin, Wallach, Ross and Smith, JJ.