■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACQUELINE CASTANEDA, Appellant.—Judgment, Supreme Court, New York County (Rose Rubin, J.), rendered May 17, 1990, convicting defendant, after a jury trial, of robbery in the first degree and robbery in the second degree, and sentencing her to concurrent indeterminate prison terms of from 2⅓ to 7 years and 2 to 6 years, respectively, unanimously affirmed.

Defendant, her husband, and a second, unidentified female hailed a cab in the early morning hours at 125th Street and Broadway. Some thirty blocks later, the husband, seated in the middle of the back seat, put a gun to the driver's head and told him to pull over. The second woman removed property from the front seat, and defendant, seated directly behind the driver, exited the cab, ordered the driver out, and got into the driver's seat. The three then drove off. The cab was recovered approximately an hour later, two blocks from the husband's residence. The driver spotted defendant and her husband in the same general area two weeks later and immediately contacted the police, who placed them both under arrest. Defendant claimed to be home with her parents at the time of the commission of the crime.

Defendant argues that her conviction at trial was against the weight of the evidence, because the driver had only a limited opportunity to observe the woman seated behind him, and his subsequent description of the woman did not match defendant's appearance. To the contrary, the victim's testimony included details which demonstrated that he had indeed paid attention to the individuals who had gotten into his cab. In addition, the jury observed defendant throughout the course of the trial, and was in the best position to evaluate and resolve the alleged discrepancies between defendant's appearance and the victim's description.

The trial court did not err in agreeing to give a missing witness charge as to defendant's mother. The prosecutor fully satisfied his burden under *People v Gonzalez* (68 NY2d 424) by promptly showing the court that the mother (as to whom alibi notice had originally been given) had material knowledge about an issue, that the witness could be expected to give noncumulative testimony favorable to defendant, and that the witness was available to defendant. The decision did not

deprive defendant of the effective assistance of counsel. Nor was counsel ineffective because, faced with this ruling, he chose to call the mother as a witness, rather than risk the adverse inference jury instruction.

We have examined defendant's remaining contention with respect to the prosector's summation and find it to be without merit. Concur—Carro, J. P., Rosenberger, Wallach, Asch and Kassal, JJ.