■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN J. JACKSON, Appellant.—Judgment, Supreme Court, Bronx County (Robert L. Cohen, J.), rendered February 3, 1989, convicting defendant, after jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of imprisonment of 4½ to 9 years, unanimously affirmed.

Evidence at trial was that defendant made a street sale of a glassine envelope of heroin to an undercover narcotics officer in exchange for $10 in prerecorded buy money.

Immediately following the transaction, the undercover officer radioed a description of defendant to her backup team, defendant was arrested, and the undercover officer made a drive-by confirmatory identification. The arresting officer recovered $250 in cash, including the prerecorded buy money, from defendant's person.

The trial court properly admitted the buy money into evidence, as its authenticity was sufficiently established by police testimony regarding the circumstances of its prerecording and recovery, as well as the post-transaction verification of the bill's recorded serial number. While the People's failure to call all subsequent police handlers of the buy money might affect the weight accorded to that evidence, in these circumstances it did not preclude its admission (see, People v Julian, 41 NY2d 340).

For the most part, defendant failed to enter appropriate objections to the prosecutor's cross-examination of defendant, and summation comments, in connection with defendant's testimony regarding the use of an alias, a family health problem, and his employment status, and thus failed to preserve his claims of error for appellate review as a matter of law (CPL 470.05). In any event, defendant himself brought these issues to the attention of the jury for purposes of promoting his defense, and defense counsel's summation urged the jury to accept defendant's testimony as credible. Thus, the prosecutor properly cross-examined defendant on those issues (see, e.g., People v Schwartzman, 24 NY2d 241, 246, cert denied 396 US 846), and his summation remarks thereon constituted fair comment on the evidence presented within the broad bounds of rhetorical comment acceptable in closing argument (see, People v Galloway, 54 NY2d 396) and appropriate response to the defense summation (see, e.g., People v Marks, 6 NY2d 67, cert denied 362 US 912).

We have considered defendant's remaining claims of error and find them to be both unpreserved for appellate review as a matter of law and without merit. Concur—Sullivan, J. P., Milonas, Wallach, Kupferman and Smith, JJ.