■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERNARD DAVIS, Appellant.—Judgment, Supreme Court, New York County (Stanley Parness, J., at suppression hearing; Patricia Williams, J., at trial), rendered September 25, 1989, convicting defendant after a jury trial of three counts of robbery in the second degree, and sentencing him to three

concurrent terms of 5 to 10 years' imprisonment, unanimously affirmed.

Defendant and an accomplice were jointly charged with multiple counts of robbery, each of which was committed in the early morning hours of August 8, 1987. Prior to their separate trials, the counts in the indictment involving the separate robberies of Luis Jordan and another victim were dismissed. At defendant's trial, two police officers testified that they had observed defendant and an accomplice, who were part of a crowd of unruly youths, approach and then rob a couple on the stairwell of a midtown subway station. The officers promptly arrested defendant and his accomplice and recovered a gold cross that was identified by the couple who identified defendant on the scene and at trial.

During the cross-examination of one of the officers, counsel for defendant established that the police had also found a second piece of jewelry in defendant's possession, a Gucci chain and medallion. On redirect the officer was asked what he did with the medallion. After the officer answered that he had showed it to "a man named Mr. Jordan," defense counsel moved for a mistrial, which was denied. Defense counsel, after speaking with defendant's family, indicated he did not want the testimony stricken and acquiesced in the prosecutor's introduction of testimony as to the identification of the second piece of jewelry. In his own defense, defendant presented evidence that he owned both pieces of jewelry.

At the outset we note that the evidence of the Gucci jewelry, the product of a separate robbery, was elicited by defense counsel. The testimony elicited on redirect that it had been shown to "a man named Mr. Jordan," does not constitute reversible error. Nor do we find defense counsel's rejection of the court's offer to strike this testimony evidence of ineffectiveness of counsel. The attempt may very well have been part of defense counsel's strategy relative to the physical evidence of the gold cross recovered by the police.

Nor do we find that a new trial should be ordered in the interest of justice because the court made mention of the medallion "allegedly belonging to someone else" in the course of its charge on identification. Defendant now urges that the court should not have referred to evidence of "other crimes", but the record shows that the evidence was introduced with the understanding that it was relevant to the prosecution as well as the defense, and with defendant's acquiescence. A fair trial need not be a perfect one (People v Crimmins, 36 NY2d

230; *People v Kingston,* 8 NY2d 384), and we find it significant that the District Attorney's argument in summation did not emphasize that Jordan owned the medallion.

Further, contrary to defendant's claim, the court properly gave a missing witness charge in connection with defendant's unidentified girlfriend who was mentioned in the course of testimony by defendant's friend. The testimony formed a basis for concluding that the woman was under defendant's control, and counsel's vague representations to the contrary were inadequate. Counsel did not indicate what steps he had taken to locate the woman *(People v Vasquez,* 76 NY2d 722; *People v Morales,* 126 AD2d 575, 576).

We find no merit to defendant's claim that the testimony of the victims and the police officers was not sufficient to support the verdict. The eyewitness testimony, although not free from inconsistencies, was credible *(People v Bleakley,* 69 NY2d 490; *People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), and formed an objective basis for the jury to find that the female victim had suffered a physical injury (Penal Law § 10.00 [9]; *People v Rojas,* 61 NY2d 726).

We have examined defendant's remaining arguments and find them to be without merit. Concur—Carro, J. P., Rosenberger, Kupferman, Kassal and Smith, JJ.