■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT LAMMERS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Kuffner, J.), rendered June 19, 1990, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

At approximately 7:00 P.M. on January 2, 1989, two police officers on patrol near the well-lit intersection of Hylan Boulevard and Bay Street in Staten Island saw the defendant engaged in a fistfight with another man. From a distance of about 50 feet, the officers observed the defendant pull what appeared to be a silver pistol from his pocket and point it at his adversary's head. As they approached to within 10 feet of the men, the officers became certain that the object in the defendant's hand was a gun.

The officers then exited the vehicle, announced their identity as police officers, and told the defendant to drop the gun. The defendant immediately tossed the gun into a gutter a few feet away, where it was subsequently retrieved by one of the officers. Thereafter, the defendant spontaneously uttered that the gun belonged to the other man, and that he had merely taken it from him during the fight.

The defendant claims on appeal that the court erred in denying his request for a missing witness charge with respect to his opponent in the street fight. The defendant met his initial burden of proving that the uncalled witness could be expected to have knowledge about a material issue in the case

and to testify favorably to the party opposing the charge *(see, People v Gonzalez,* 68 NY2d 424, 427; *see also, People v Kitching,* 78 NY2d 532, 536-537; *People v Fields,* 76 NY2d 761, 763; *People v Vasquez,* 76 NY2d 722, 724). Nevertheless, we find that the charge was not warranted because the People met their burden of demonstrating that the missing witness was not under their control and that he was equally available to the defendant.

We have examined the defendant's remaining contention and find that it is without merit. Rosenblatt, J. P., Miller, Copertino and Pizzuto, JJ., concur.