■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID GONZALEZ, Appellant.—Judgment, Supreme Court, Bronx County (Joseph Fisch, J.), rendered December 3, 1990, convicting defendant, after a jury trial, of assault in the second degree, and sentencing him to a term of imprisonment of 2 to 6 years, unanimously affirmed.

Defendant's contention that the trial court permitted excessive questioning regarding his use of aliases is unpreserved for review *(People v Jackson,* 182 AD2d 455), and, in any event, without merit. First, defense counsel having himself raised the issue of a second alias in connection with a Massachusetts conviction, the prosecutor was entitled to inquire about the use of that name on cross-examination *(People v Ardale,* 173 AD2d 307, 308, *lv denied* 78 NY2d 961). Second, the prose-

cutor's inquiry was specifically related to the Massachusetts case as to which inquiry was permitted after a *Sandoval* ruling, and hence could not have been misinterpreted to imply that defendant had a more extensive criminal background.

Defendant's claim that the prosecutor failed to lay a proper foundation, pursuant to *People v Dawson* (50 NY2d 311), for inquiring into the failure of two defense witnesses to come forward is unpreserved *(People v Cruz,* 171 AD2d 607, 608, *lv denied* 78 NY2d 921). In any event, given the substance of the witnesses' testimony, and their explanations for not volunteering their information to the police or the District Attorney, defendant was not prejudiced by the inquiry *(People v Kitt,* 126 AD2d 669, 670). Concur—Carro, J. P., Ellerin, Kupferman and Asch, JJ.