■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC ODOME, Appellant. [596 NYS2d 854] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pincus, J.), rendered February 25, 1988, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. No questions of fact have been raised or considered.

On December 16, 1986, at approximately 11:50 P.M., the defendant and an unapprehended accomplice allegedly robbed the complainant at gunpoint. On February 5, 1987, the complainant identified the defendant in a lineup. At trial, however, the complainant could not positively identify the defendant as one of the robbers. The defendant presented four alibi witnesses, who testified that he was home playing cards at the time the robbery was alleged to have occurred. They further testified that the defendant's younger brothers were in the apartment, watching television, during the night in question. The defendant contends that the trial court erred in giving a missing witness charge with respect to the defense's failure to call the defendant's brothers. We agree.

"Ordinarily, a court may not comment upon a defendant's failure to testify or otherwise to come forward with evidence, but, once a defendant does so, his failure to call an available witness who is under defendant's control and has information material to the case may be brought to the jurors' attention for their consideration" (People v Rodriguez, 38 NY2d 95, 98). It is not, however, incumbent upon a party to call a witness, where that witness's testimony would only be trivial or cumulative to that of other witnesses (see, People v Wynn, 121 AD2d 665; People v Almodovar, 62 NY2d 126).

In the instant case, the testimony of the alibi witnesses was consistent with respect to the defendant's whereabouts at the time the crime was allegedly committed. There is nothing in

the record to indicate that the defendant's brothers could have added anything material to the alibi defense. Rather, it appears that the testimony of these witnesses would merely have been cumulative (see, People v Wynn, 121 AD2d 665, supra; People v Nieves, 124 AD2d 603). Accordingly, the court erred in giving a missing witness charge.

It cannot be said that the charge error was harmless. The evidence against the defendant consisted solely of the testimony of the complainant, who could not positively identify him at the trial. Therefore, the evidence of the defendant's guilt was not overwhelming.

In light of our determination, we need not address the other contentions raised by the defendant. Bracken, J. P., Ritter, Copertino and Santucci, JJ., concur.