■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRANCE LLOYD, Appellant. [605 NYS2d 866] —Judgment, Supreme Court, New York County (Edward McLaughlin, J.), rendered January 9, 1991, convicting defendant, after jury trial, of two counts of assault in the first degree and sentencing him, as a predicate felon, to concurrent terms of 7½ to 15 years, unanimously affirmed.

We held this appeal in abeyance pending a hearing to determine whether defendant was present at the *Sandoval* hearing (192 AD2d 411). In view of the trial court's unequivocal statement at the hearing that all defendants are required to be present for *Sandoval* hearings, the Assistant District Attorney's distinct recollection that defendant was present and defense counsel's failure to specifically recollect whether his client was present, we conclude that defendant was present, and that he was not denied his right to be present at a material stage of the proceedings.

Defendant's objection to the court's charge on justification is not preserved for appellate review as a matter of law (CPL 470.05 [2]), and we decline to review it in the interest of justice. Were we to review, we would find that the charge, viewed in its entirety, correctly conveyed to the jury that they were to assess the defense in terms of defendant's subjective beliefs and whether those beliefs were reasonable *(see, People v Hagi,* 169 AD2d 203, 210-212, *lv denied* 78 NY2d 1011).

We decline to reduce the sentence in view of the injuries sustained by the victim and defendant's criminal history. Concur—Carro, J. P., Kupferman, Kassal and Rubin, JJ.