■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RENE RAMIREZ, Appellant. [617 NYS2d 17] —Judgment, Supreme Court, New York County (Paul Bookson, J.), rendered July 22, 1992, convicting defendant, after a jury trial, of robbery in the first degree and burglary in the first degree, and sentencing him, as a second felony offender, to concurrent terms of 8½ to 17 years, unanimously affirmed.

The trial court properly instructed the jury on defendant's failure to call his wife to testify in his behalf. Though defendant and his wife were apparently separated, on this record, it is clear that she was still under his control as a witness *(see, People v Gonzalez,* 68 NY2d 424, 428-429), a conclusion not altered by the fact that she was served with a subpoena. *People v Santiago* (187 AD2d 255, *lv withdrawn* 81 NY2d 794), upon which defendant relies, is distinguishable since there the witness expressly refused to testify unless subpoenaed *(supra,* at 257).

In opposing the requested charge, it was defendant's burden to demonstrate that his wife was unavailable *(People v Gonzalez, supra,* at 428; *People v Vasquez,* 76 NY2d 722, 724), by showing that diligent efforts had been made to locate her *(see, People v Davis,* 182 AD2d 538, 540, *lv denied* 80 NY2d 902; *People v Morris,* 140 AD2d 551, 552, *lv denied* 72 NY2d 922), which burden he failed to meet.

Contrary to defendant's contention, the wife's testimony would not have been cumulative or immaterial. Since defendant's sole alibi witness, his mother, was unable to testify as to his whereabouts during the time he would have needed to travel from her apartment in downtown Brooklyn in order to commit the robbery in the complainant's apartment in Washington Heights, the wife, as to whom alibi notice had originally been given *(see, People v Castaneda,* 176 AD2d 455, *lv denied* 79 NY2d 854), was the only potential witness who may have been with defendant during this critical time *(cf., People v Wynn,* 121 AD2d 665).

Since the missing witness charge was appropriate, the prosecutor's comment in summation concerning the failure of defendant's wife to testify was not improper *(People v Hagi,* 169 AD2d 203, 216, *lv denied* 78 NY2d 1011; *People v Ardale,* 173 AD2d 307, 308, *lv denied* 78 NY2d 961). Concur—Sullivan, J. P., Carro, Rosenberger, Wallach and Rubin, JJ.