■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLIFTON DICKENS, Appellant. [679 NYS2d 358] —Judgment, Supreme Court, New York County (Edwin Torres, J.), rendered September 14, 1995, convicting defendant, after a jury trial, of manslaughter in the first degree, criminal use of a firearm in the first degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and attempted assault in the second degree, and sentencing him to concurrent terms of 8⅓ to 25 years, 12½ to 25 years, 5 to 15 years and 2⅓ to 7 years, and a consecutive term of 1⅓ to 4 years, respectively, unanimously affirmed.

In light of the justification defense offered, the court appropriately exercised its discretion in permitting introduction of photographs that depicted the victim's body structure and size (*see, People v Stevens*, 76 NY2d 833; *People v Pobliner*, 32 NY2d 356, 369-370, *cert denied* 416 US 905). The autopsy photographs as well as the photograph of the victim taken while alive were independently relevant to the issues.

Defendant's motion for a mistrial on the basis of an unsolicited reference to an uncharged crime was properly denied, since any possible prejudice to defendant was obviated by the court's prompt curative action (*see, People v Maisonet*, 209 AD2d 297, 298, *lv denied* 85 NY2d 864, *cert denied* 516 US 809).

The court's charge to the jury regarding justification, when viewed in its entirety, correctly conveyed the appropriate legal principles, including the duty of the jury to assess the defense in terms of defendant's subjective beliefs and to decide whether those beliefs were reasonable (*see, People v Lloyd*, 199 AD2d 128, *lv denied* 83 NY2d 855).

Since issues regarding defendant's personal life were raised during his direct examination, the prosecutor properly explored those issues on cross-examination and commented thereon during summation (*People v Jackson*, 182 AD2d 455, *lv denied* 80 NY2d 832).

By failing to object, or by making only generalized objections, defendant failed to preserve his current claims of error regarding various comments by the prosecutor during summation and we decline to review them in the interest of justice. Were we to review these claims, we would find that the remarks, in context, constituted appropriate response to the defense summation and acceptable comment on the evidence (*see, People v D'Alessandro*, 184 AD2d 114, 119, *lv denied* 81 NY2d 884).

We perceive no abuse of discretion in sentencing. Concur—Tom, J. P., Mazzarelli, Andrias and Saxe, JJ.