■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANKLIN B. BROWN, Appellant. (Appeal No. 1.) [685 NYS2d 158] —Judgment unanimously affirmed. Memorandum: Defendant's conviction is supported by legally sufficient evidence and the verdict is not against the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495). We reject the contention of defendant that County Court erred in denying his challenge for cause of a prospective juror. That challenge was based on the statement of a prospective juror that, if defendant did not testify, it would affect his view of defendant. Because the prospective juror, upon further inquiry by the court, expressed in unequivocal terms that his prior state of mind concerning defendant's failure to testify would not influence his verdict and that he would be able to render an impartial verdict based solely on the evidence, the challenge for cause was properly denied (*see, People v Blyden,* 55 NY2d 73, 77-78; *People v Biondo,* 41 NY2d 483, 485, *cert denied* 434 US 928).

The court also properly granted the prosecutor's request for a missing witness charge when defendant failed to call his girlfriend to testify in support of his alibi defense (*see, People v Vasquez,* 76 NY2d 722, 723-724; *People v Davis,* 182 AD2d 538, 540, *lv denied* 80 NY2d 902; *People v Morales,* 126 AD2d 575).

Defendant further contends that he was denied a fair trial because the Trial Judge questioned witnesses and assumed the role of the prosecutor. We disagree. From our review of the record, we conclude that the Trial Judge did not unnecessarily or excessively interfere in the presentation of proof by questioning witnesses, nor did he convey to the jury his opinion concerning the credibility of the witnesses or the merits of the case (*see, People v Jamison,* 47 NY2d 882, 883-884; *People v Moulton,* 43 NY2d 944, 945-946).

We have reviewed defendant's remaining contentions and conclude that they lack merit. (Appeal from Judgment of Onondaga County Court, Mulroy, J.—Robbery, 1st Degree.) Present—Denman, P. J., Pine, Pigott, Jr., Callahan and Boehm, JJ.