OPINION OF THE COURT
 

 Wesley, J.
 

 Defendant Ronald Jackson’s convictions in this case stem from an armed robbery. The central issue before us is the effect of the post-Wade hearing loss of a lineup photograph on defendant’s appeal of the hearing court’s determination that the lineup was not unduly suggestive.
 

 During the early morning hours of August 28, 1998 defendant and codefendant Sean Smallwood got out of a red vehicle and approached two men at 38th Street between Fifth and Sixth Avenues in midtown Manhattan. Defendant pointed a gun at one of the men and demanded his chain. When the man took flight defendant pursued him and then shot him in the arm. Meanwhile, Smallwood held his gun to the second man and demanded his chain and wallet. The second man handed over his chain, but threw his wallet at Smallwood and ran when he heard defendant fire his weapon.
 

 Police responded to the scene and spoke with witnesses who described the vehicle driven by the perpetrators. Tracing the license plates to Smallwood’s mother, the police went to her home and found the vehicle with three men inside. Defendant was seated on the curb talking to the men through the car’s open door. After the police removed the passengers from the vehicle, they recovered a loaded gun from the back seat; an additional loaded gun was found on the ground under the car near the curb where defendant had been seated. Defendant was taken into custody. Smallwood was arrested inside his mother’s home shortly thereafter.
 

 
 *558
 
 While at the hospital, the shooting victim described his assailant as an African-American male, “five-foot-nine to five-foot-ten” inches tall, weighing about 160 pounds with short hair. The assailant’s age was not mentioned in the description.
 

 A police detective who had seen defendant and noted his age, height and weight arranged defendant’s lineup, selecting four lineup fillers of similar size and skin tone. Defendant selected his own lineup position, and, in order to lessen a slight height differential, the fillers were seated around him. The detective photographed the lineup and made a written notation indicating that the four fillers were of similar body size and that their ages were 29, 36, 38 and 41 years old.
 

 The victim identified defendant in the lineup as his assailant. Defendant and Smallwood were indicted on two counts each of first-degree robbery and attempted first-degree robbery, and a single count of second-degree assault. Separate related charges were also brought against defendant for attempted second-degree murder, first-degree criminal use of a firearm, second-degree criminal possession of a weapon and second-degree assault.
 

 Before trial defendant moved to suppress the identification testimony, arguing that the lineup was unduly suggestive because the lineup fillers were “much, much older.” Notably, defendant (who was 19) mentioned only a numerical age difference during the
 
 Wade
 
 hearing, and said nothing about the physical appearance of those pictured in the lineup photograph. After hearing the testimony of the detective who supervised the lineup and the parties’ arguments, the court denied the motion based on its own examination of the photograph.
 

 During trial, the same detective testified that the photograph had been misplaced. Defendant did not move to reopen the
 
 Wade
 
 hearing. Without objection, a photocopy of the lineup photograph was admitted into evidence and used by defense counsel in summation to question the accuracy of the victim’s identification of defendant. The jury convicted defendant on each of the robbery, assault and weapons counts, but acquitted him of attempted murder. The Appellate Division affirmed the conviction, determining in pertinent part that defendant’s motion to suppress identification evidence was properly denied.
 

 A Judge of this Court granted leave to appeal and we now affirm.
 

 Identification testimony based on pretrial lineups is properly admitted unless it is shown that the procedure was
 
 *559
 
 unduly suggestive
 
 (see People v Chipp,
 
 75 NY2d 327, 335 [1990],
 
 cert denied
 
 498 US 833 [1990]). Although the People have the initial burden of establishing the reasonableness of the police conduct in a pretrial identification procedure, the defendant bears the ultimate burden of proving that the procedure was unduly suggestive. Without such a showing on the part of the defendant, there is neither a need for nor a burden on the People “to demonstrate that a source independent of the pretrial identification procedure exists for the witness’s in-court identification”
 
 (id.).
 
 In addition, a
 
 Wade
 
 hearing dealing with the propriety of a lineup identification involves mixed questions of law and fact
 
 (see, People v Evans,
 
 94 NY2d 499, 505 [2000];
 
 People v Wilson,
 
 64 NY2d 634, 636 [1984]). Therefore, the determination of the hearing court, undisturbed by the Appellate Division and supported by evidence in the record, is beyond this Court’s review
 
 (see Chipp,
 
 75 NY2d at 336;
 
 Wilson,
 
 64 NY2d at 636).
 

 Here, there is ample evidence in the record that the People met their initial burden and established the reasonableness of the police conduct in this pretrial identification procedure. The detective who arranged the procedure testified that he selected lineup fillers to match defendant’s physical attributes and defendant selected his own position in the lineup. Moreover, a photograph of the lineup was taken and offered for review during the
 
 Wade
 
 hearing. As such, the hearing court’s determination that the People met their initial burden is supported by the record.
 

 Contrary to defendant’s contention, no evidence shows that the lineup was unduly suggestive as a matter of law. Defense counsel’s only argument at the
 
 Wade
 
 hearing was that the fillers in the “lineup were much, much older than” defendant. No arguments were made by defense counsel, however, that any apparent age difference existed between defendant and the fillers, or that the photograph demonstrated that the fillers did not resemble defendant in terms of age. An age discrepancy between a defendant and the fillers in a lineup, without more, is not “sufficient to create a substantial likelihood that the defendant would be singled out for identification”
 
 (Chipp,
 
 75 NY2d at 336). Indeed, it is noteworthy that the victim in this case never mentioned the perpetrator’s age in his description. Because there is record support for the suppression court’s determination that defendant failed to meet his burden of proving that the lineup was unduly suggestive, it is beyond our review.
 

 
 *560
 
 But what of the missing lineup photograph? Defendant argues that the mid-trial disappearance of the photograph was prejudicial and prevents effective appellate review of his claim. Accordingly, defendant urges this Court to apply a per se presumption of suggestiveness to the lineup and reverse the suppression determination.
 

 We recently explained the analytical framework for determining whether a lost trial exhibit precluded meaningful appellate review
 
 (see People v Yavru-Sakuk,
 
 98 NY2d 56, 60 [2002]). “[A]n appellate court must first determine whether the exhibit has ‘substantial importance’ to the issues in the case or is essentially collateral”
 
 (id.).
 
 Then, if the exhibit is needed to resolve the issues raised on appeal, the appellate court must discern whether the record otherwise reflects that information. If the information is reflected in the record and its accuracy is not disputed, the loss of the exhibit itself would not prevent proper appellate review. However, if the exhibit contains important information that is not otherwise available in the record, a reconstruction hearing should be ordered by the appellate court unless the defendant establishes the futility of such a hearing
 
 (see id.).
 
 Certainly, the same analysis applies to lost exhibits of pretrial proceedings that are brought up for appellate review of defendant’s judgment of conviction.
 

 Although defendant initially argued that the age of the fillers alone rendered the lineup unduly suggestive, the fact that the court based its finding at the
 
 Wade
 
 hearing largely upon its examination of the photograph indicates that the missing photograph is of “substantial importance” to appellate review of this lineup. Thus, our analysis turns on whether the information contained in the photograph is accurately reflected in the record. Along with record evidence of the physical attributes of the fillers, as well as the detective’s testimony about the arrangement of the lineup, the record also contains a photocopy of the missing photograph. Indeed, the photocopy was introduced at trial, without objection, and used by defense counsel in summation. Our independent review of the photocopy, along with the other evidence, indicates that the loss of the original photograph did not prevent proper appellate review in this case. Despite that determination, the original lineup photograph is far preferable. We caution counsel and trial courts that great care should be taken in preserving exhibits that play a key role in a defendant’s case.
 

 Defendant’s remaining arguments are either unpreserved or lack merit.
 

 
 *561
 
 Accordingly, the order of the Appellate Division should be affirmed.
 

 Chief Judge Kaye and Judges Smith, Levine, Ciparick, Rosenblatt and Graffeo concur.
 

 Order affirmed.