■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANILLO MALDONADO, Appellant. [782 NYS2d 455]—

Judgment, Supreme Court, Bronx County (Phylis Skloot Bamberger, J.), rendered April 13, 2001, convicting defendant, after a jury trial, of attempted murder in the second degree (three counts) and criminal possession of a weapon in the second degree, and sentencing him, as a second felony offender, to terms of 25 years on two of the attempted murder convictions and 20 years on the third conviction, to run consecutively, and a concurrent term of 15 years on the weapon possession conviction, unanimously affirmed.

The court properly denied defendant's suppression motion.

The record supports the court's finding that the procedure was not unduly suggestive (see People v Jackson, 98 NY2d 555, 559 [2002]; People v Chipp, 75 NY2d 327, 336 [1990], cert denied 498 US 833 [1990]). A review of the lineup photograph reveals that, with the possible exception of one filler, the fillers were reasonably similar to defendant and any differences were not sufficient to create a substantial likelihood that defendant would be singled out for identification.

The court properly exercised its discretion in denying defendant's application, made at the close of testimony and arguments on the suppression hearing, to reopen the hearing. Defense counsel failed to specify the purpose for his request, which was not evident from the context, and when, upon denying the request, the court expressed its understanding of counsel's intention, counsel made no attempt to clarify the matter (see People v George, 67 NY2d 817, 819 [1986]).

The court properly exercised its discretion in receiving evidence of negative identification. This evidence was relevant to the issue of the identifying witness's reliability, and its probative value was not outweighed by any potential for prejudice (see People v Wilder, 93 NY2d 352 [1999]).

We find no basis to disturb the sentence. Concur—Tom, J.P., Saxe, Williams, Marlow and Sweeny, JJ.