Appeal from a judgment of the Supreme Court, Monroe County (David D. Egan, J.), rendered January 7, 2010. The judgment convicted defendant, upon a jury verdict, of burglary in the first degree, robbery in the first degree, robbery in the second degree and assault in the second degree.
*1630 It is hereby ordered that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of burglary in the first degree (Penal Law § 140.30 [4]), robbery in the first degree (§ 160.15 [4]), robbery in the second degree (§ 160.10 [1]), and assault in the second degree (§ 120.05 [2]). The conviction arises out of an incident in which defendant and two codefendants broke into an apartment and stole money and property from a woman inside, and defendant used a shotgun to shoot two men — only one of whom (hereafter, shooting victim) testified at trial — as the men fled down a hallway after coming to the apartment door during the robbery (see People v McCullough, 128 AD3d 1510 [2015]).
Contrary to defendant’s contention, Supreme Court did not abuse its discretion in granting the People’s challenge for cause of a prospective juror. “In the case of a challenge for cause of an unsworn juror, a trial court ‘should lean toward disqualifying a prospective juror of dubious impartiality’ ” (People v Traylor, 283 AD2d 1013, 1013 [2001], lv denied 96 NY2d 869 [2001], quoting People v Branch, 46 NY2d 645, 651 [1979]; see People v Arnold, 96 NY2d 358, 362 [2001]). The prospective juror in question had worked at a law firm with codefendant’s attorney several years before the trial and, “[a]lthough [such] a ‘nodding acquaintance’ with the [codefendant’s] trial attorney does not compel disqualification as a matter of law” (People v Purcell, 103 AD2d 938, 939 [1984]; see People v Provenzano, 50 NY2d 420, 425 [1980]), it was within the court’s discretion to determine that “the better choice [was] to exclude such a juror” (Purcell, 103 AD2d at 939).
Defendant failed to preserve for our review his contentions concerning alleged prosecutorial misconduct (see People v Goley, 113 AD3d 1083, 1084 [2014]; People v Golson, 93 AD3d 1218, 1219-1220 [2012], lv denied 19 NY3d 864 [2012]), and we decline to exercise our power to review them as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). Defendant also failed to preserve for our review his contention that he was denied a fair trial by the court’s questioning of witnesses (see People v Charleston, 56 NY2d 886, 887-888 [1982]; People v Anderson, 114 AD3d 1083, 1087 [2014], lv denied 22 NY3d 1196 [2014]), and we conclude, in any event, that the court “did not unnecessarily or excessively interfere in the presentation of proof” or “convey to the jury [its] opinion concerning the credibility of the witnesses or the merits of the case” (People v Brown, 256 AD2d 1109, 1109 [1998], lv denied 93 *1631 NY2d 851 [1999]; see People v Jamison, 47 NY2d 882, 883-884 [1979]; see generally People v Yut Wai Tom, 53 NY2d 44, 56-58 [1981]).
Contrary to defendant’s contention with respect to his conviction of assault in the second degree, we conclude that the evidencé is legally sufficient to establish that the shooting victim sustained a physical injury, i.e., that he experienced substantial pain (see Penal Law §§ 10.00 [9]; 120.05 [2]; People v Chiddick, 8 NY3d 445, 447 [2007]). The shooting victim testified that he was shot in the arm and leg, that being shot “[h]urt like hell” and “[flelt like a bee sting with a thousand pounds of pressure added to it,” and that he received pain medication at a hospital, thereby establishing that the pain was “more than slight or trivial” (Chiddick, 8 NY3d at 447; see People v Stillwagon, 101 AD3d 1629, 1630 [2012], lv denied 21 NY3d 1020 [2013]; People v Henderson, 77 AD3d 1311, 1311 [2010], lv denied 17 NY3d 953 [2011]). Moreover, viewing the evidence in light of the elements of the crime of assault in the second degree as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict with respect thereto is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). The jury was entitled to credit the shooting victim’s description of his injuries and resulting pain (see People v Guidice, 83 NY2d 630, 636 [1994]; People v Smith, 45 AD3d 1483, 1483 [2007], lv denied 10 NY3d 771 [2008]). Finally, the sentence is not unduly harsh or severe.
Present— Smith, J.P., Centra, Peradotto, Sconiers and Whalen, JJ.