People v Johnson (2018 NY Slip Op 07072)





People v Johnson


2018 NY Slip Op 07072


Decided on October 23, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 23, 2018

Sweeny, J.P., Gische, Tom, Mazzarelli, Kern, JJ.


7446 1223/11

[*1]The People of the State of New York, Respondent,
v
Gilroy Johnson, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Scott Henney of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Kristian D. Amundsen of counsel), for respondent.



Judgment, Supreme Court, Bronx County (William I. Mogulescu, J.), rendered June 10, 2014, convicting defendant, upon his plea of guilty, of burglary in the first degree and robbery in the first degree, and sentencing him to an aggregate term of six years, held in abeyance and the matter remitted for further proceedings in accordance herewith.
Although defendant did not file a CPL 440.10 motion, the existing record is sufficient to review his ineffective assistance of counsel claim (see People v Pequero, 158 AD3d 421 [2018]; People v Doumbia, 153 AD3d 1139 [2017]). Defendant was deprived of effective assistance of counsel when his counsel failed to advise him that his guilty plea to an aggravated felony would result in mandatory deportation, and instead merely advised him that his plea would have "immigration consequences," would "impact his ability to stay in the country" and "will probably very well end up with [defendant] being deported from this country" (see id.).
Defendant should be afforded the opportunity to move to vacate his plea upon a showing that there is a reasonable probability that he would not have pleaded guilty had he been made aware of the deportation consequences of his plea (see id.), and we hold this appeal in abeyance for that purpose.
The court properly denied defendant's motion to suppress a lineup identification. The lineup was not unduly suggestive, because defendant and the fillers, who all fit the victim's description of his assailant, were reasonably similar in appearance, and there was no substantial likelihood that
defendant would be singled out (see People v Jackson, 98 NY2d 555, 559 [2002]; People v Chipp, 75 NY2d 327, 336 [1990], cert denied 498 US 833 [1990]).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 23, 2018
CLERK