The People of the State of New York, Respondent, 
against
Lucia G., Defendant-Appellant.




In consolidated appeals, defendant appeals from two judgments of the Criminal Court of the City of New York, New York County (Herbert J. Moses, J. at plea; Joanne B. Watters, J. at sentencing), rendered April 4, 2017, convicting her, upon her pleas of guilty, of two counts of petit larceny, and sentencing her as a youthful offender to three years' probation.




Per Curiam.
Judgments of conviction (Herbert J. Moses, J. at plea; Joanne B. Watters, J. at sentencing), rendered April 4, 2017, affirmed.
As part of a global resolution of three separate criminal prosecutions arising from allegations that defendant sold counterfeit tickets to the Broadway musical "Hamilton" for hundreds of dollars to separate individuals on separate dates, defendant pleaded guilty to one count of petit larceny (see Penal Law § 155.25) under docket number 2016NY030520 and one count of petit larceny under docket number 2016NY030521, in exchange for concurrent three-year terms of probation. The People also agreed to an adjournment in contemplation of dismissal under docket ending 529.
On appeal, defendant alleges that the petit larceny (and other pleaded) charges in the accusatory instrument under docket ending 521 were jurisdictionally defective. Significantly, however, the only relief defendant requests is dismissal of the accusatory instrument under docket ending 520, in addition to dismissal of the alleged facially insufficient charges under docket ending 521, and she expressly requests that we affirm the convictions if it does not grant a dismissal. Even accepting defendant's contention that the pleaded charges under docket ending 521 were jurisdictionally defective, we do not find dismissal of the charges under docket ending 520 would be appropriate. We therefore affirm on this basis.
Nor does Criminal Court's inability to locate the accusatory instrument under docket ending 520 provide a basis for dismissal. The proper remedy for the loss of this document would be to hold the appeal in abeyance and remand for a reconstruction hearing (see People v Jackson, 98 NY2d 555, 560 [2002]), and defendant has disclaimed any such remedy.
We perceive no basis for a reduction of the youthful offender probationary sentence imposed in accordance with the plea agreement.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: November 22, 2019