THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EVANS LeCORPS, Appellant. [797 NYS2d 59]—

Judgment, Supreme Court, New York County (Daniel F. FitzGerald, J.), rendered July 3, 2003, convicting defendant, after a jury trial, of burglary in the second degree, and sentencing him to a term of 3½ years, unanimously affirmed.

The court properly denied defendant's suppression motion. The lineup was not rendered unduly suggestive when, at the victim's request, the police directed all the participants to come forward and show their teeth, thereby revealing defendant's particular dental deformity. The record establishes that the victim had already identified defendant at the lineup without viewing any of the participants' teeth, and only wanted to confirm her initial identification (see *People v Thomas*, 223 AD2d 610 [1996], *lv denied* 88 NY2d 1025 [1996]). Moreover, she had previously made a photographic identification of defendant in which the participants' teeth were not displayed. We

also find that there was nothing suggestive about having the lineup participants stand up, since their height differences were insignificant.

The court properly denied defendant's request to submit criminal trespass in the second degree as a lesser included offense, since there was no reasonable view of the evidence that defendant had any noncriminal reason for his presence in the victim's apartment (*see People v Mongen,* 157 AD2d 82 [1990], *appeal dismissed* 76 NY2d 1015 [1990]).

Defendant's remaining contention is unpreserved and unavailing (*People v Quinones,* 18 AD3d 330 [2005]). Concur— Marlow, J.P., Ellerin, Nardelli and Sweeny, JJ.