■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC BREWER, Appellant. [812 NYS2d 102]—

Judgment, Supreme Court, New York County (Charles H. Solomon, J., at suppression hearing; Roger S. Hayes, J., at jury trial and sentence), rendered April 3, 2003, convicting defendant of criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to a term of seven years, unanimously affirmed.

The court properly denied defendant's motion to suppress physical evidence. Initially, we note that defendant's arguments improperly rely on trial testimony (*People v Abrew,* 95 NY2d 806, 808 [2000]) and are unavailing in any event. The police observed defendant engaged in an angry altercation with a woman who was backed against a parked car. Defendant was behaving in a physically aggressive manner toward the woman, and he was wearing a bloodstained shirt, which suggested that some kind of violence might have already occurred. The officers' observations reasonably led them to believe that the woman was in danger and justified the officers' approach to conduct a common-law inquiry of defendant (*see People v De Bour,* 40 NY2d 210, 220 [1976]). As the police approached, defendant gestured to the woman and got in the car, which the woman drove away. Defendant's flight from the uniformed police officers elevated the initial founded suspicion of criminality to the level of reasonable suspicion, justifying pursuit (*see People v Sierra,* 83 NY2d 928 [1994]; *Matter of Steven McC.,* 304 AD2d 68 [2003], *lv denied* 100 NY2d 511 [2003]). When defendant jumped out of the moving car, running while holding something at his waistband, the officers' suspicions were heightened further, and this provided additional justification for pursuit (*see e.g. People v Shaw,* 208 AD2d 382, 383 [1994], *lv denied* 84 NY2d 1038 [1995]). The record establishes that defendant did not simply exercise his "right to be let alone," but "actively fled from the police" (*People v Moore,* 6 NY3d 496, 500-501

[2006]) both by car and on foot. The police had probable cause to arrest defendant when he discarded a gun, which, as indicated, was not the product of any unlawful police conduct.

Defendant's challenge to the voluntariness of his statement is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find it to be without merit. We reject defendant's ineffective assistance argument with respect to this issue.

The verdict was not against the weight of the evidence. There is no basis for disturbing the jury's determinations concerning credibility (see People v Gaimari, 176 NY 84, 94 [1903]). Concur—Andrias, J.P., Saxe, Sullivan, Williams and McGuire, JJ.