■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEROME TAYLOR, Appellant. [828 NYS2d 392]—

Judgment, Supreme Court, New York County (Robert H. Straus, J.), rendered June 23, 2005, convicting defendant, after a jury trial, of criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to a term of 2 to 4 years, unanimously affirmed.

The court properly denied defendant's suppression motion. The record supports the court's finding that the police had probable cause to arrest defendant for theft of services, based upon an identified taxi driver's report that defendant had failed to pay his fare and his request that defendant be arrested, coupled with the fact that defendant got out of the cab and began quickly to walk away while the cab driver and the detective conversed. There is no merit to defendant's suggestion that these facts did not establish a refusal to pay within the meaning of Penal Law § 165.15 (3); in any event, probable cause does not require proof beyond a reasonable doubt of every element of the crime suspected by the police (*see Brinegar v United States*, 338 US 160, 175 [1949]; *People v Bigelow*, 66 NY2d 417, 423 [1985]). The record also supports the court's alternative grounds for upholding the search (*see e.g. People v Brewer*, 28 AD3d 265 [2006], *lv denied* 7 NY3d 753 [2006]).

The court properly denied, as untimely (CPL 710.40 [4]; *see also People v Padro*, 75 NY2d 820 [1990]) defendant's postverdict motion to reopen the suppression hearing on the basis of alleg-

edly conflicting trial testimony. In any event, the discrepancy between the taxi driver's trial testimony that he was inside of his cab when the detectives approached, and the detective's hearing testimony that the driver was outside of the cab, was completely insignificant and could not have affected the court's suppression ruling hearing (*see e.g. People v Hardy*, 275 AD2d 656 [2000], *lv denied* 96 NY2d 735 [2001]). Therefore, defense counsel's failure to make a timely motion to reopen the hearing during trial did not deprive defendant of effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). Concur—Saxe, J.P., Marlow, Sullivan, Nardelli and Gonzalez, JJ.