■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL AMUSO, Appellant. [835 NYS2d 114]—

Judgment, Supreme Court, New York County (Daniel P. FitzGerald, J.), rendered June 10, 2004, convicting defendant, after a jury trial, of murder in the first and second degrees, robbery in the first degree, attempted robbery in the first degree and criminal possession of a weapon in the second degree, and sentencing him to an aggregate term of life without parole, unanimously affirmed.

The court properly denied defendant's motion to suppress identification testimony. The lineup photographs reveal that neither lineup was unduly suggestive (*see People v Chipp*, 75 NY2d 327, 336 [1990], *cert denied* 498 US 833 [1990]). The difference in age between defendant and the fillers, as depicted in the photographs, was not so noticeable as to single defendant out. We note that a disparity between the recorded ages of a defendant and other lineup participants has little relevance unless such disparity is reflected in their physical appearances (*see People v Jackson*, 98 NY2d 555, 559 [2002]). Furthermore, since

the participants were seated, differences in height and weight between defendant and the fillers were not readily apparent. Although at one of the lineups the police, at a witness's request, directed all the participants to show their teeth, thereby causing defendant to reveal a dental deformity, in the particular circumstances, this had no effect on the identification (*cf. People v LeCorps*, 19 AD3d 216 [2005], 5 NY3d 807 [2005]).

The court properly exercised its discretion in denying defendant's mistrial motion, made after the People impeached their own witness in violation of CPL 60.35, since the court struck the offending testimony and delivered a curative instruction that was sufficient to prevent any prejudice (*see People v Santiago*, 52 NY2d 865 [1981]). With respect to a subsequent portion of the witness's testimony, defendant's general objections were insufficient to preserve his present claim that the prosecutor refreshed the witness's recollection in an improper manner, and we decline to review such claim in the interest of justice. Were we to review this claim, we would find that the challenged questioning was permissible (*see* CPL 60.35 [3]).

The People complied with their obligations under *Brady v Maryland* (373 US 83 [1963]), and defendant has not established that he was prejudiced by the timing of the disclosures at issue. Defendant's Fourth Amendment claim is without merit. Concur—Tom, J.P., Andrias, Buckley, Gonzalez and Malone, JJ.