■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMAL GRANT, Appellant. [843 NYS2d 214]—

Judgment, Supreme Court, New York County (Charles H. Sol-

omon, J., at *Darden* hearing and dismissal motion; John Cataldo, J., at *Wade* hearing; Charles Tejada, J., at jury trial and sentence), rendered November 18, 2004, convicting defendant of attempted murder in the second degree, assault in the first degree, criminal possession of a weapon in the second degree and two counts of criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to an aggregate term of 25 years, and order, same court (Charles Tejada, J.), entered on or about August 15, 2006, which denied defendant's CPL 440.10 motion to vacate the judgment, unanimously affirmed.

The court properly denied defendant's motion to suppress identification testimony. We have viewed a photograph of the lineup and we conclude that there was nothing to single defendant out for identification (*see People v Chipp*, 75 NY2d 327, 336 [1990], *cert denied* 498 US 833 [1990]). While defendant argues that he was significantly younger and taller than the other lineup participants, we note that the victim's description did not include age, and only characterized the assailant's height as "tall." Furthermore, the photograph reveals that the participants' physical appearances did not reflect any disparity in their actual ages (*see.People v Amuso*, 39 AD3d 425 [2007], *lv denied* 9 NY3d 862 [2007]). As for the alleged disparity in height, the police minimized it by conducting a seated lineup. Although the police acceded to the victim's request that defendant and a filler who was almost as tall as defendant stand up, this event did not render the lineup unduly suggestive (*cf. People v LeCorps*, 19 AD3d 216 [2005], *lv denied* 5 NY3d 807 [2005]).

At trial, in an effort to cast doubt on the reliability of the victim's identification testimony, defendant sought to elicit the actual ages of the lineup fillers. Even if we were to conclude that the court should have permitted this inquiry, we would find that defendant was not prejudiced, because the lineup photo was in evidence, and because, as noted, the actual ages of the fillers were not significant (*see People v Amuso*, 39 AD3d 425 [2007], *supra*). To the extent that defendant is raising a constitutional claim, such claim is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that the court's ruling did not violate defendant's right to present a defense (*see Crane v Kentucky*, 476 US 683, 689-690 [1986]).

The court properly denied defendant's motion to dismiss the indictment. Any defects in the prosecutor's cross-examination of defendant in the grand jury fell far short of impairing the integrity of the proceeding (*see* CPL 210.35 [5]; *People v Darby*, 75 NY2d 449, 455 [1990]).

This Court has examined the minutes of an in camera *Darden* hearing (*People v Darden*, 34 NY2d 177 [1974]). We find that the search warrant was based on probable cause.

Since defendant's challenge to the court's supplemental instruction to the jury was on different grounds from those he raised on appeal, his present arguments, including his constitutional claim, are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find that the court responded meaningfully (*see People v Almodovar*, 62 NY2d 126, 131 [1984]) and appropriately cautioned the jurors in accordance with the principles set forth in *People v Maragh* (94 NY2d 569, 574 [2000]).

Defendant's CPL 330.30 (2) motion to set aside the verdict on the ground of jury misconduct was procedurally defective, in that it was not supported by sworn allegations of fact (*see* CPL 330.40 [2] [a]). The motion was also without merit, because it was based on a juror's attempt to impeach the verdict with regard to the jury's deliberative process, rather than any outside influences (*see People v Karen*, 17 AD3d 865, 866-867 [2005], *lv denied* 5 NY3d 764 [2005]; *People v Redd*, 164 AD2d 34, 38-39 [1990]).

The court properly denied defendant's CPL 440.10 motion, since the submissions on the motion and the trial record establish that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). We have considered and rejected defendant's claim that his counsel should have moved to reopen the *Wade* hearing based on trial evidence (*see People v Taylor*, 36 AD3d 562 [2007], *lv denied* 8 NY3d 991 [2007]), as well as his remaining ineffective assistance claims, including those contained in his pro se supplemental brief. Defendant's additional pro se arguments are without merit.

The record does not establish that defendant's sentence was based on any improper criteria, and we perceive no basis for reducing the sentence. Concur—Mazzarelli, J.P., Saxe, Friedman, Marlow and Williams, JJ.