■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND F. NEWTON, JR., Appellant. [872 NYS2d 818]—

Appeal from a judgment of the Oswego County Court (Walter W. Hafner, Jr., J.), rendered March 8, 2007. The judgment convicted defendant, upon a jury verdict, of assault in the second degree, reckless endangerment in the second degree, and criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of assault in the second degree (Penal Law § 120.05 [2]), reckless endangerment in the second degree (§ 120.20), and criminal possession of a weapon in the third degree (§ 265.02 [1]). We reject the contention of defendant that he was denied a fair trial by the prosecutor's comments during summation with respect to his postarrest silence. Defendant waived his *Miranda* rights and chose to speak to the police about the charges, and the prosecutor thus was entitled to impeach his credibility at trial with respect to omissions from his statements to the police (*see generally People v Savage*, 50 NY2d 673, 678-682 [1980], *cert denied* 449 US 1016 [1980]; *People v Thomas*, 287 AD2d 326 [2001], *lv denied* 97 NY2d 688 [2001]; *People v Mosby*, 239 AD2d 938 [1997], *lv denied* 90 NY2d 942 [1997]). Contrary to defendant's further contention, County Court properly refused to suppress physical evidence based on its determination that the officers had probable cause to arrest defendant pursuant to the fellow officer rule (*see People v Massey*, 49 AD3d 462 [2008], *lv denied* 10 NY3d 866 [2008]; *People v Whitehead*, 23 AD3d 695, 696 [2005], *lv denied* 6 NY3d 840 [2006]; *see generally People v Ketcham*, 93 NY2d 416, 419-420 [1999]). Finally, the court properly denied as untimely the CPL 330.30 motion of defendant seeking, inter alia, to renew his pretrial request for the suppression of physical evidence (*see* CPL 710.40 [4]; *People v Taylor*, 36 AD3d 562, 562-563 [2007], *lv denied* 8 NY3d 991 [2007]). In any event, there was no basis for the court to reconsider its suppression ruling because any discrepancy between the testimony at trial and the suppression

hearing was insignificant and "could not have affected the court's suppression ruling" (*Taylor*, 36 AD3d at 563). Present— Scudder, P.J., Martoche, Centra, Fahey and Peradotto, JJ.