■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN MCFADDEN, Appellant. [933 NYS2d 283]—

The verdict was not repugnant, and the court properly denied defendant's application to resubmit the case to the jury. This case involves an attempted carjacking, followed a few minutes later by a completed carjacking. Four days later, the police apprehended defendant and his codefendant while they were in the stolen car.

The only property taken in the completed carjacking was the car. The jury convicted defendant of first-degree robbery, but acquitted him of second-degree robbery under a provision (Penal Law § 160.10 [3]) that required a finding that the property stolen was a motor vehicle as defined in Vehicle and Traffic Law § 125. The jury also convicted defendant of two counts of criminal possession of stolen property, one of which similarly required a finding that the property was a motor vehicle (*see* Penal Law § 165.45 [5]). Even if the verdicts appear illogical under the facts of the case, they were not legally repugnant.

The acquittal on the second-degree robbery charge was not conclusive as to any necessary element of any of the convictions (*see People v Tucker*, 55 NY2d 1, 7 [1981]). "If there is a possible theory under which a split verdict could be legally permissible, it cannot be repugnant, regardless of whether that theory has evidentiary support in a particular case" (*People v Muhammad*, 17 NY3d 532, 540 [2011]). Regardless of whether a verdict is illogical under the evidence presented, "factual repugnancy—which can be attributed to mistake, confusion, compromise or mercy—does not provide a reviewing court with the power to overturn a verdict" (*id.* at 545).

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations concerning identification and credibility. With regard to the attempted robbery, the totality of defendant's conduct supports the inference of accessorial liability (*see e.g. Matter of Wade F.*, 49 NY2d 730 [1980]; *Matter of Marc H.*, 284 AD2d 211 [2001]; *Matter of Devin R.*, 254 AD2d 221 [1998]).

The court properly denied defendant's motion to suppress identification testimony. The lineup was not unduly suggestive (*see People v Chipp*, 75 NY2d 327, 336 [1990], *cert denied* 498

US 833 [1990]). The photographs of the lineup, although of poor quality, were adequate to show that the lineup did not in any way single out defendant. In particular, the hearing evidence supports the court's finding that the disparity between the recorded ages of defendant and the fillers was not reflected in their physical appearances (*see People v Amuso*, 39 AD3d 425, 425-426 [2007], *lv denied* 9 NY3d 862 [2007]). There is no evidence that the witnesses influenced each other's identifications. We have considered and rejected defendant's remaining arguments regarding the lineup.

Defendant's constitutional challenge to his sentencing as a persistent violent felony offender is without merit (*see Almendarez-Torres v United States*, 523 US 224 [1998]; *People v Bell*, 15 NY3d 935, 936 [2010]).

We find the sentence excessive to the extent indicated. Concur—Tom, J.P., Andrias, Catterson, Abdus-Salaam and Román, JJ.