THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ORNELL CAESAR, Appellant. [936 NYS2d 200]—

The court properly denied defendant's motion to suppress evidence regarding showup and lineup identifications. The prompt showup identification near the scene of the crime was not conducted in an unduly suggestive manner. Even if the witnesses were aware that they were viewing a person being detained as a suspect, "[i]nherent in any showup is the likelihood that an identifying witness will realize that the police are displaying a person they suspect of committing the crime, rather than a person selected at random" (*People v Gatling*, 38 AD3d 239, 240 [2007], *lv denied* 9 NY3d 865 [2007]).

The lineup identifications were not unduly suggestive (*see People v Chipp*, 75 NY2d 327, 336 [1990], *cert denied* 498 US 833 [1990]). Regardless of the recorded age difference between defendant and the fillers, the age disparity, as depicted in the lineup photographs, was not so noticeable as to single defendant out (*see People v Amuso*, 39 AD3d 425 [2007], *lv denied* 9 NY3d 862 [2007]). Moreover, age was not a factor in the description given by the identifying witnesses (*see People v Jackson*, 98 NY2d 555, 559 [2002]). We have considered and rejected defendant's remaining arguments concerning the showup and lineup identifications.

Defendant did not preserve his challenges to the sufficiency of the evidence, and we decline to review them in the interest of justice. As an alternative holding, we find that the verdict was based on legally sufficient evidence. We further find that the verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for

disturbing the jury's determinations concerning credibility and identification.

The court properly denied defendant's request for a circumstantial evidence charge. That instruction is only required when the evidence of guilt is entirely circumstantial (*People v Barnes*, 50 NY2d 375, 380 [1980]). Here, the main evidence was the testimony of multiple witnesses that defendant shot the victim.

Defendant's challenges to the prosecutor's summation are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal.

We perceive no basis to reduce the sentence. Concur—Tom, J.P., Catterson, DeGrasse, Richter and Manzanet-Daniels, JJ.