■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTONIO TYES, Appellant.—Judgment unanimously affirmed. Memorandum: We conclude that the court did not err in limiting the cross-examination of the prosecution witnesses concerning their prior criminal acts. "The extent to which disparaging questions, not relevant to the issue, but bearing on the credibility of a witness, may be put upon cross-examination is discretionary with the trial court, and its rulings are not subject to review unless it clearly appears that the discretion has been abused" (Richardson, Evidence § 500 [Prince 10th ed]; *see also, People v Duffy,* 36 NY2d 258, 262-263, *cert denied* 423 US 861).

The court did not abuse its discretion in prohibiting defense counsel from cross-examining the prosecution witness Gilliam concerning the circumstances of his second conviction for resisting arrest. That conviction was remote in time and, because it involved an impulsive act, it had little probative value on the issue of credibility *(see, People v Sandoval,* 34 NY2d 371, 376-377). On the other hand, its use would have been unduly prejudicial to the People because, from it, the jury might have impermissibly inferred that the witness was predisposed to be aggressive *(see, People v Rodawald,* 177 NY 408, 422-424).

The court properly exercised its discretion in prohibiting defense counsel from cross-examining the witness Parker about a 1978 conviction for attempted possession of a forged instrument because that conviction was too remote in time. Moreover, because the proof of defendant's guilt was overwhelming and defense counsel cross-examined both prosecu-

tion witnesses about their other prior criminal acts, the limitation of cross-examination was harmless. (Appeal from Judgment of Supreme Court, Erie County, Rossetti, J.—Assault, 2nd Degree.) Present—Boomer, J. P., Pine, Balio, Lawton and Davis, JJ.