■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONARD WALKER, Appellant. [636 NYS2d 765] —Judgment, Supreme Court, New York County (Alfred Kleiman, J.), rendered March 11, 1993, convicting defendant, after a jury

trial, of two counts of sodomy in the first degree and one count of attempted sexual abuse in the first degree, and sentencing him, as a persistent violent felony offender, to concurrent terms of 15 years to life on the sodomy convictions and 2 to 4 years on the attempted sexual abuse conviction, unanimously affirmed.

The trial court appropriately exercised its discretion in precluding cross-examination of the complainant regarding alleged prior sexual abuse, as defendant made no showing that the circumstances of these unrelated allegations bore a significant probative relation to the instant charges (*People v Mandel*, 48 NY2d 952, 953, *cert denied* 446 US 949).

The trial court's denial of defendant's application to call an expert witness who would testify regarding the possibility that the complainant's accusations against defendant were the result of post-traumatic stress disorder was also an appropriate exercise of discretion (*People v Cronin*, 60 NY2d 430, 433). As noted by the trial court, the complainant's medical records did not even suggest that the complainant had exhibited any of the symptoms suggested by defendant as the cause of her accusations against defendant, the proposed expert psychiatric witness had not personally examined the complainant and concededly was not familiar with all of the facts of the case, and the unrelated sexual abuse which defendant argued could possibly trigger later imagined sexual abuse, actually commenced after the initial incident alleged herein, rendering the proposed testimony of no utility to the jury in determining the issues before it (*see, People v Taylor*, 75 NY2d 277). In this connection, the trial court also properly denied defendant's belated application for his proposed expert witness to examine the complainant.

Defendant did not preserve by appropriate objection his current *Sandoval* claim. In any event, the trial court's ruling precluding inquiry into the underlying facts of defendant's two prior felony convictions, but permitting elicitation of the fact that defendant was on parole at the time of the second offense, was a proper exercise of discretion (*see, People v Venero*, 211 AD2d 566, *lv denied* 86 NY2d 785).

Also unpreserved by appropriate objection is defendant's current claim that the prosecutor improperly cross-examined him regarding prior bad acts (*see, People v Winney*, 180 AD2d 913, *lv denied* 79 NY2d 1056). In any event, defendant's direct testimony opened the door to the cross-examination now challenged.

We perceive no abuse of discretion in sentencing.

Defendant's additional claims of error are unpreserved and without merit. Concur—Murphy, P. J., Sullivan, Kupferman, Ross and Williams, JJ.