■ The People of the State of New York, Respondent, v Joseph Frazier, Appellant. [649 NYS2d 542] —Judgment unani-

mously affirmed. Memorandum: Defendant appeals from a judgment convicting him of three counts of burglary in the first degree (Penal Law § 140.30 [2], [3]). He contends that Supreme Court abused its discretion in precluding the testimony of his expert witness regarding the effect of cocaine on the accuracy of the complainant's testimony. We disagree. Defendant failed to make an offer of proof that the expert, who had not examined the complainant, would testify that the complainant had ingested cocaine on the night of the burglary, or that she had a history of drug abuse that would have impaired her ability to perceive and recall the events at issue. Because defendant's offer of proof established only that the expert would testify about the general effects of cocaine and respond to some hypothetical questions regarding the effect of cocaine on a user, defendant failed to show the relevance of the proposed testimony (*see, People v Billups*, 132 AD2d 612, 612-613, *lv denied* 70 NY2d 873, 1004; *see also, People v Baxter*, 177 AD2d 1003, *lv denied* 79 NY2d 943).

Neither did the court abuse its discretion in limiting the scope of defendant's cross-examination of the complainant regarding her history of drug dealing and drug usage and the possible connection between the burglary and the recent drug-related homicide of her husband. "The extent to which disparaging questions, not relevant to the issue, but bearing on the credibility of a witness, may be put upon cross-examination is discretionary with the Trial Judge, whose rulings are not subject to review unless it clearly appears that the discretion has been abused" (Prince, Richardson on Evidence § 6-304, at 381 [Farrell 11th ed]; *see, People v Greer*, 42 NY2d 170, 176; *People v Duffy*, 36 NY2d 258, 262-263, *mot to amend remittitur granted* 36 NY2d 857, *cert denied* 423 US 861; *People v Tyes*, 175 AD2d 624, *lv denied* 79 NY2d 865).

We reject the further contention that defendant was deprived of a fair trial by prosecutorial misconduct. There was no pervasive pattern of misconduct so egregious as to deprive defendant of a fair trial (*see, People v Galloway*, 54 NY2d 396; *People v Roopchand*, 107 AD2d 35, *affd* 65 NY2d 837; *People v Plant*, 138 AD2d 968, *lv denied* 71 NY2d 1031). Nor did the People's failure to turn over *Rosario* material deprive defendant of a fair trial. The People could not produce the original notes of a police officer regarding his investigation of the burglary because they were lost or destroyed after being typed. If the People fail to exercise due care to preserve *Rosario* material and defendant is prejudiced thereby, "the court must impose an appropriate sanction" (*People v Martinez*, 71 NY2d

937, 940). The court did not abuse its discretion in giving an adverse inference charge as the sanction. There is no indication that the notes were lost or destroyed by anything other than inadvertence, and any prejudice to defendant was minimal in light of his use of the typed notes in cross-examining the officer (*see, People v Banch*, 80 NY2d 610, 616-617; *People v Martinez, supra*, at 940). With respect to records in the possession of the Federal Bureau of Investigation, the People are not responsible for producing such records where, as here, they never possessed them, and "neither [the People] nor the courts of this State could gain access to [them] without the consent of the appropriate Federal agency" (*People v Guido*, 186 AD2d 757, 758-759, citing *People v Rodriguez*, 155 AD2d 257, 259, *lv denied* 75 NY2d 923; *see, People v Ortiz*, 209 AD2d 332, 334, *lv denied* 86 NY2d 739; *see also, People v Flynn*, 79 NY2d 879, 882).

The contention of defendant that he was prejudiced by the failure of the People to turn over Federal Drug Enforcement Agency (DEA) files in their possession is also without merit. Prior to opening statements, defendant claimed that he had not received DEA documents that were in the possession of the People. The prosecutor responded that defendant had failed to inspect the relevant file despite being notified that he was free to do so and that, in any event, all of the relevant information in the file had been given to defendant. Upon reviewing the file, the court directed the prosecutor to produce two documents that had not been previously produced. Having received all relevant DEA records prior to opening statements, defendant suffered no prejudice (*see,* CPL 240.45).

We reject the further contention of defendant that reversal is required based upon the People's delay in producing the radio log of a call made by the complainant to the police several days before the burglary regarding the presence of two strange men at her door. That delay would require reversal only if defendant was substantially prejudiced thereby (*see, People v Ranghelle*, 69 NY2d 56, 63; *People v Smith*, 190 AD2d 1022, *lv denied* 81 NY2d 976). Here, the People were not aware of the existence of the radio log until defendant cross-examined Officer Acosta. The next day, the prosecutor produced the radio log, which had been retrieved from storage. He noted that the information in the radio log was the same as that in the complaint log, which had been made available to defendant before opening statements and which defendant had used in cross-examining Officer Acosta. The court nevertheless permitted defense counsel to cross-examine Officer Acosta again, and he

confirmed that the radio log contained the same information as the complaint log. Thus, defendant suffered no prejudice by the delay in the production of the radio log. The fact that defendant received the police records relating to the complainant's call to the police from the prosecutor rather than pursuant to his subpoena is of no moment.

We have considered defendant's remaining contentions and conclude that they are without merit. (Appeal from Judgment of Supreme Court, Erie County, Rossetti, J.—Burglary, 1st Degree.) Present—Green, J. P., Lawton, Wesley and Boehm, JJ.