■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARCUS MOSBY, Appellant. [659 NYS2d 610] —Judgment unanimously affirmed. Memorandum: Defendant was convicted of the murders of Willie Banks and Jason Witrsan in front of an apartment building. At trial, defendant raised the defense of self-defense. On direct examination, he testified that he felt he was in danger because someone had been killed in the same apartment from which he sold drugs, and there was a bullet hole in the door of the apartment. On cross-examination, the prosecutor attempted to impeach defendant by asking him whether he had so informed the police in his statement to them. Defendant contends that the prosecutor improperly questioned him concerning postarrest silence. We disagree. "When a defendant voluntarily speaks to the police, neither due process nor the privilege against self-incrimination prohibits cross-examination of the defendant about his failure to inform the police at that time of exculpatory circumstances to which he later testifies at trial" (People v Spinelli, 214 AD2d 135, 140, lv dismissed 87 NY2d 1025; see, People v Savage, 50 NY2d 673, 680, cert denied 449 US 1016). In any event, the proof of defendant's guilt was overwhelming, and there is no

reasonable possibility that the error might have contributed to defendant's conviction. Thus, any error is harmless beyond a reasonable doubt (*see, People v Crimmins*, 36 NY2d 230, 237). (Appeal from Judgment of Monroe County Court, Bristol, J.— Murder, 2nd Degree.) Present—Denman, P. J., Pine, Doerr, Balio and Boehm, JJ.