■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SEAN MCILWAIN, Appellant. [688 NYS2d 343] —Judgment unanimously modified on the law and as modified affirmed and mat-

ter remitted to Erie County Court for sentencing in accordance with the following Memorandum: We reject the contention of defendant that County Court erred in denying his objection, pursuant to *Batson v Kentucky* (476 US 79), to the prosecutor's peremptory challenge of a black prospective juror. The prosecutor proffered a race-neutral explanation for the challenge, and "the trial court was in the best position to observe the prosecutor's demeanor and determine whether his explanations were credible or merely pretexts for racial discrimination" (*People v Adams*, 247 AD2d 625, *lv denied* 92 NY2d 847, citing *People v Jupiter*, 210 AD2d 431, 434, *lv denied* 85 NY2d 911). The court did not abuse its discretion in limiting cross-examination of the robbery victim with respect to matters contained in his school records (*see, People v Tyes*, 175 AD2d 624, *lv denied* 79 NY2d 865). Defendant presented no proof to support a charge on the affirmative defense set forth in Penal Law § 160.15 (4), and thus the court properly denied his request to charge that affirmative defense (*see, People v Cotarelo*, 71 NY2d 941, 942-943; *People v Smith [James]*, 220 AD2d 547). The sentence is neither unduly harsh nor severe.

The judgment must be modified, however, because the People presented no proof that the shotgun used in the robbery was loaded or operable. As a result, the evidence is insufficient to support the conviction of robbery in the first degree (Penal Law § 160.15 [2]) under the first count of the indictment (*see, People v Shaffer*, 66 NY2d 663, 664; *People v Wilson*, 252 AD2d 241; *People v Fwilo*, 47 AD2d 727) and criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [2]) under the fourth count (*see, People v Fwilo, supra*). We therefore modify the judgment by reducing the conviction of robbery in the first degree under the first count to robbery in the third degree and by vacating the sentence imposed thereon, and we remit the matter to Erie County Court for sentencing on that count (*see,* CPL 470.20 [4]). We further modify the judgment by reversing the conviction of criminal possession of a weapon in the fourth degree under the fourth count, vacating the sentence imposed thereon and dismissing that count. (Appeal from Judgment of Erie County Court, DiTullio, J.—Robbery, 1st Degree.) Present—Denman, P. J., Green, Pigott, Jr., Scudder and Callahan, JJ.