THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELLIS LEE WARE, Appellant. [813 NYS2d 598]—

Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered June 9, 2003. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the third degree and speeding.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of criminal possession of a weapon in the third degree (Penal Law § 265.02 [4]) and speeding (Vehicle and Traffic Law § 1180 [b]). Contrary to defendant's contentions, the conviction is supported by legally sufficient evidence

and the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Defendant contends that the evidence establishes that the police found the gun in the vehicle he was driving after he left the vehicle and while his passenger remained in the vehicle, and thus Supreme Court erred in charging accessorial conduct under Penal Law § 20.00 and the statutory presumption of possession under Penal Law § 265.15 (3). With respect to accessorial liability, we note that "[w]hether a defendant is charged as a principal or as an accomplice to a crime has no bearing on the theory of the prosecution" (*People v Rivera*, 84 NY2d 766, 769 [1995]; *see generally People v Carney*, 18 AD3d 242 [2005], *lv denied* 5 NY3d 882 [2005]). With respect to the statutory presumption of possession, we note that the vehicle was not left unattended but was continually under the surveillance of the police from the time defendant left the vehicle until the weapon was found (*see People v Anthony*, 21 AD2d 666 [1964], *cert denied* 379 US 983 [1965]).

The contention of defendant that he was denied a fair trial by prosecutorial misconduct on summation is not preserved for our review (*see* CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Defendant failed to object to the court's curative instruction that the jury disregard the evidence that defendant admitted that he did not have a pistol permit. He thus failed to preserve for our review his present contention that the curative instruction was inadequate to alleviate the prejudice arising from the admission of that evidence (*see generally People v Santiago*, 52 NY2d 865, 866 [1981]). In any event, the jury is presumed to have followed the court's curative instruction (*see People v Mims*, 278 AD2d 822, 823 [2000], *lv denied* 96 NY2d 832 [2001]). Finally, contrary to the further contentions of defendant, the period of postrelease supervision is not illegal because defendant was sentenced as a second felony offender pursuant to Penal Law § 70.06 and was not sentenced pursuant to Penal Law § 70.02, and the sentence of imprisonment is not unduly harsh or severe. Present—Gorski, J.P., Martoche, Smith, Green and Pine, JJ.