THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDDIE HARRIS, Appellant. [871 NYS2d 523]—

Memorandum: On appeal from a judgment convicting him, following a jury trial, of two counts of burglary in the second degree (Penal Law § 140.25 [2]), defendant contends that he was denied the right to a fair trial when the prosecutor impeached his trial testimony by cross-examining him with respect to his pretrial silence concerning exculpatory information omitted from his pretrial statement to the police but included in his direct testimony at trial. We reject that contention. Although a prosecutor generally may not use the pretrial silence of a defendant to impeach his or her trial testimony (*see People v Conyers*, 52 NY2d 454, 457-459 [1981]), that general rule does not apply where, as here, "a defendant speaks to the police and omits exculpatory information which he [or she] presents for the first time at trial" (*People v Prashad*, 46 AD3d 844 [2007], *lv denied* 10 NY3d 815 [2008]; *see People v Bruno*, 34 AD3d 220 [2006], *lv denied* 8 NY3d 878 [2007]; *People v Mosby*, 239 AD2d 938 [1997], *lv denied* 90 NY2d 942 [1997]; *see generally People v Savage*, 50 NY2d 673, 680-681 [1980], *cert denied* 449 US 1016 [1980]). We also reject the contention of defendant that he was denied the right to a fair trial when the prosecutor asked him two questions on cross-examination that violated County Court's *Sandoval* ruling. Defendant failed to object to the court's curative instructions with respect to the questions on cross-examination and thus failed to preserve for our review his contention that those instructions were insufficient to alleviate the prejudicial effect of the cross-examination (*see People v Santiago*, 52 NY2d 865 [1981]; *People v Ware*, 28 AD3d 1124, 1125 [2006], *lv denied* 7 NY3d 852 [2006]). We note in any event that the jury is presumed to have followed the court's curative instructions (*see Ware*, 28 AD3d at 1125; *People v Mims*, 278 AD2d 822 [2000], *lv denied* 96 NY2d 832 [2001]). Finally, the sentence is not unduly harsh or severe. Present—Scudder, P.J., Smith, Centra and Fahey, JJ.