■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH CINTRON, Appellant. [876 NYS2d 914]—

Appeal from a judgment of the Supreme Court, Monroe County (David D. Egan, J.), rendered November 20, 2003. The judgment convicted defendant, upon a jury verdict, of criminal sale of a controlled substance in the first degree, criminal possession of a controlled substance in the second degree and criminal possession of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of, inter alia, criminal sale of a controlled substance in the first degree (Penal Law § 220.43 [1]).

We reject the contention of defendant that he was denied a fair trial by the People's failure to turn over *Rosario* material in a timely manner. The People are not required to produce records that are not in their possession and that " 'neither [the People] nor the courts of this State could gain access to without the consent of the appropriate Federal agency' " (*People v Frazier*, 233 AD2d 896, 898 [1996]).

Defendant made only a general motion for a trial order of dismissal and thus failed to preserve for our review his further contention that the conviction is not supported by legally sufficient evidence (*see People v Gray*, 86 NY2d 10, 19 [1995]). In any event, that contention lacks merit (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Present—Hurlbutt, J.P., Martoche, Fahey, Carni and Gorski, JJ.