The People of the State of New York, Respondent, v Antonio Clark, Appellant. [935 NYS2d 429]—

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of, inter alia, two counts of conspiracy in the fourth degree (Penal Law § 105.10 [1]) and five counts of burglary in the first degree (§ 140.30 [2]-[4]). Defendant contends that the conviction of the two counts of conspiracy in the fourth degree is not supported by legally sufficient evidence because the People failed to establish that he was present when

the conspiracy occurred. We reject that contention (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Defendant's presence when the agreement was reached "could be readily inferred from the evidence" (*People v Serra*, 293 AD2d 338 [2002], *lv denied* 98 NY2d 681 [2002]; *see People v Smoke*, 43 AD3d 1332 [2007], *lv denied* 9 NY3d 1039 [2008]). Defendant further contends that, by giving a circumstantial evidence charge, County Court improperly permitted the jury to infer that he participated in the conspiracy based merely on his alleged participation in the underlying crimes. Defendant failed to preserve that contention for our review inasmuch as he did not object to the circumstantial evidence charge on that specific ground (*see People v Vassar*, 30 AD3d 1051 [2006], *lv denied* 7 NY3d 796 [2006]). In any event, given that there was no direct proof of defendant's presence when the agreement was reached, we conclude that the circumstantial evidence charge was proper (*see generally People v Daddona*, 81 NY2d 990, 992 [1993]). Further, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we reject defendant's further contention that the verdict is against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

Defendant further contends that the court committed reversible error by providing the jurors with a written copy of the entire jury charge both while the court orally delivered the charge and during the jury's deliberations. Defendant failed to preserve that contention for our review (*see People v Williams*, 8 AD3d 963, 964 [2004], *lv denied* 3 NY3d 683 [2004], *cert denied* 543 US 1070 [2005]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Contrary to defendant's final contention, the sentence is not unduly harsh or severe. Nevertheless, we note that count eight of the indictment, charging defendant with burglary in the second degree under Penal Law § 140.25 (2), must be dismissed as a lesser inclusory concurrent count of counts three through seven, charging defendant with burglary in the first degree (*see People v Coleman*, 82 AD3d 1593, 1595 [2011], *lv denied* 17 NY3d 793 [2011]; *People v Skinner*, 211 AD2d 979, 980 [1995], *lv denied* 86 NY2d 741 [1995]). We therefore modify the judgment accordingly. Present—Scudder, P.J., Centra, Green, Gorski and Martoche, JJ.