■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL SPEARS, Appellant. [941 NYS2d 500]—

Judgment, Supreme Court, New York County, (Arlene D. Goldberg, J.), rendered December 3, 2009, as amended January 19, 2010, convicting defendant, after a jury trial, of two counts of criminal sale of a controlled substance in the first degree, and sentencing him, as a second felony drug offender whose prior felony conviction was a violent felony, to an aggregate term of 18 years, unanimously affirmed.

Before ordering closure of the courtroom during an undercover officer's testimony, the court implicitly considered but rejected an alternative to closure proposed by defendant, and the court's ruling was reasonable under the circumstances (*see e.g. People v Sweeney*, 25 AD3d 335, 336 [2006]). Accordingly, the court satisfied the requirement of considering alternatives to full closure (*see Presley v Georgia*, 558 US —, —, 130 S Ct 721, 724 [2010]; *People Mickens*, 82 AD3d 430 [2011], *lv denied* 17 NY3d 798 [2011], *cert denied* 565 US —, 132 S Ct 527 [2011]; *People v Manning*, 78 AD3d 585, 586 [2010], *lv denied* 16 NY3d 861 [2011], *cert denied* 565 US —, 132 S Ct 268 [2011]).

Defendant did not preserve his present claim that closure of the courtroom to the general public was unwarranted, and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits (*see Waller v Georgia*, 467 US 39 [1984]; *People v Ramos*, 90 NY2d 490, 497 [1997], *cert denied sub nom. Ayala v New York*, 522 US 1002 [1997]).

Defendant's ineffective assistance of counsel claim is unreviewable on direct appeal because it involves matters outside the record concerning counsel's reasons for making a particular strategic choice (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). On the existing record, to the extent it permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also*

*Strickland v Washington*, 466 US 668 [1984]). Defendant has not shown that the single error he alleges deprived him of a fair trial or affected the outcome of the case (*see Strickland*, 466 US at 694).

We perceive no basis for reducing the sentence. Concur—Andrias, J.P., Friedman, Acosta, Freedman and Richter, JJ.