# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

410

KA 12-00680

PRESENT: SMITH, J.P., FAHEY, PERADOTTO, SCONIERS, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V

MEMORANDUM AND ORDER

AARON M. BOOP, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JAMES ECKERT OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MATTHEW DUNHAM OF COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------------------------------

Appeal from a judgment of the Monroe County Court (Alex R. Renzi, J.), rendered October 7, 2009. The judgment convicted defendant, upon a jury verdict, of vehicular manslaughter in the first degree (two counts), manslaughter in the second degree, aggravated unlicensed operation of a motor vehicle in the first degree, driving while intoxicated (two counts) and aggravated driving while intoxicated.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, two counts each of vehicular manslaughter in the first degree (Penal Law § 125.13 [1], [2] [b]) and driving while intoxicated (Vehicle and Traffic Law § 1192 [2], [3]). The charges arose from an incident in which defendant, while in an intoxicated condition, drove a pickup truck that went off of the road and struck a tree, causing the death of the front seat passenger.

Defendant failed to object when the prosecutor elicited testimony from a deputy sheriff that defendant looked away instead of answering certain questions about the death of the victim, and thus failed to preserve for our review his contention that the prosecutor improperly used his postarrest silence against him at trial (*see People v Jackson*, 108 AD3d 1079, 1079, *lv denied* 22 NY3d 997; *People v Ray*, 63 AD3d 1705, 1707, *lv denied* 13 NY3d 838). In any event, any error in the admission of that testimony is harmless beyond a reasonable doubt because there is "no reasonable possibility that the error might have contributed to defendant's conviction" (*People v Crimmins*, 36 NY2d 230, 237; *see Jackson*, 108 AD3d at 1079-1080; *People v Murphy*, 79 AD3d 1451, 1453, *lv denied* 16 NY3d 862; *People v Mosby*, 239 AD2d 938, 938-939, *lv denied* 90 NY2d 942).

Defendant further contends that County Court erred in admitting in evidence photographs of the tree that the vehicle struck, because flowers had been laid at the base of the tree. Defendant contends that the photographs were an improper appeal to the emotions of the jurors because the flowers constituted a "shrine" to the victim. Contrary to the contention of the People, we conclude that defendant preserved his contention for our review. Defense counsel objected to the photographs, noted the presence of the flowers, and argued that defendant would be prejudiced by the admission of the photographs in evidence. Consequently, the issue is preserved for our review because "the court 'was aware of, and expressly decided, the [issue] raised on appeal' " (*People v Collins*, 106 AD3d 1544, 1546, *lv denied* 21 NY3d 1072, quoting *People v Hawkins*, 11 NY3d 484, 493; *see People v Roberts*, 110 AD3d 1466, 1467-1468; *People v Duncan*, 177 AD2d 187, 190-191, *lv denied* 79 NY2d 1048). We nevertheless reject defendant's contention on the merits. "The general rule is stated in *People v Pobliner* (32 NY2d 356, 369[, *rearg denied* 33 NY2d 657, *cert denied* 416 US 905]; *see also People v Stevens*, 76 NY2d 833): photographs are admissible if they tend 'to prove or disprove a disputed or material issue, to illustrate or elucidate other relevant evidence, or to corroborate or disprove some other evidence offered or to be offered.' They should be excluded 'only if [their] *sole purpose* is to arouse the emotions of the jury and to prejudice the defendant' " (*People v Wood*, 79 NY2d 958, 960; *see People v Lawson*, 114 AD3d 962, 963). Here, we agree with the People that the sole purpose of the evidence was not to arouse the emotions of the jury. To the contrary, the photographs established the relative positions of the tree and the roadway, the visibility of the tree, and the straight nature of the roadway, all of which were relevant to the jury's factual determinations, including whether defendant was driving while in an intoxicated condition.

Defendant did not object when the court directed the prosecutor to turn off the overhead projector upon which certain evidence was displayed to the members of the public seated in the courtroom, and thus failed to preserve for our review his contention that the court thereby closed the courtroom in violation of defendant's right to a public trial (*see People v George*, 20 NY3d 75, 80-81, *cert denied* ___ US ___, 133 S Ct 1736; *People v Spears*, 94 AD3d 498, 500, *lv denied* 19 NY3d 1001). In any event, defendant's right to a public trial was not violated because the record reflects that a laptop computer screen was still visible to the members of the public seated in the courtroom after the overhead projector was turned off. Contrary to defendant's further contention, we conclude that "the court's efforts to prevent disruption in the courtroom during [the Medical Examiner]'s sensitive testimony provides no basis upon which to upset defendant's conviction" (*People v Glover*, 60 NY2d 783, 785, *cert denied* 466 US 975; *see People v Chase*, 265 AD2d 844, 844, *lv denied* 94 NY2d 902).

Defendant further contends that the court prevented him from presenting evidence in his own behalf, and thereby violated his right to present a defense, when it refused to allow defense counsel to cross-examine the Medical Examiner with respect to whether the victim could have sustained certain injuries while moving within the vehicle. We reject that contention, as well as defendant's further contention

that the court's ruling constituted an abuse of discretion.  There was an insufficient foundation for defense counsel's line of questioning, and thus the testimony that defense counsel sought to elicit from the Medical Examiner "would have been speculative and misleading" (*People v Banks*, 33 AD3d 385, 385, *lv denied* 7 NY3d 923; *see People v Frazier*, 233 AD2d 896, 897; *see also People v Walker*, 223 AD2d 414, 415, *lv denied* 88 NY2d 887).  In addition, "[t]he minor limitations imposed by the court precluded repetitive inquiries into possible [causes of the injuries] in hypothetical situations.  Defendant [otherwise] received wide latitude to explore the matters about which the [Medical Examiner] had provided expert testimony" (*People v Allende*, 38 AD3d 470, 471, *lv denied* 9 NY3d 839; *see generally Crane v Kentucky*, 476 US 683, 689-690).

Defendant failed to preserve for our review his contention that he was deprived of his right to a fair trial because the court improperly denigrated a defense witness by making certain comments to the jury (*see People v Fudge*, 104 AD3d 1169, 1170, *lv denied* 21 NY3d 1042; *see generally People v Charleston*, 56 NY2d 886, 887-888).  In any event, that contention is without merit inasmuch as the record establishes that the court did not denigrate the defense witness.

Finally, defendant waived his contentions that the court erred in providing the jurors with a verdict sheet for their use during summations, and that the court erred in providing the jurors with a slightly different verdict sheet for their use during deliberations, because he consented to the use of those procedures at trial (*see People v Hicks*, 12 AD3d 1044, 1045, *lv denied* 4 NY3d 799; *see also People v Barner*, 30 AD3d 1091, 1092, *lv denied* 7 NY3d 809; *see generally People v Colon*, 90 NY2d 824, 826).

Entered:  June 13, 2014                    Frances E. Cafarell
                                           Clerk of the Court