Abdus-Salaam, J.
(dissenting). I agree with the majority that the trial court erred in permitting the People to adduce evidence of, and comment upon, defendant’s partial postarrest silence on their case-in-chief, for state evidentiary law barred the admission of that evidence (see majority op at 188, 190-194; see also People v De George, 73 NY2d 614, 617-620 [1989]; People v Conyers, 52 NY2d 454, 457-459 [1981]). As the majority’s excellent and learned discussion of our case law in this area reveals (see majority op at 190-192), only the most unusual circumstances will justify the admission of a defendant’s post-arrest silence on the People’s direct case, and no such circumstances exist here. However, unlike the majority (see majority *196 op at 194-195), I find that the error was harmless on account of the overwhelming quality of the proof against defendant and the limited prejudice occasioned by the evidence of his silence. While I acknowledge that reasonable minds may differ on the harmless error issue presented by this case, my disagreement with the majority on this subject nonetheless prompts me to respectfully dissent.
As the majority rightly points out (see majority op at 190-191, 193-194), evidence of postarrest silence has limited probative value and risks improperly prejudicing a defendant by causing the jurors to speculate that the defendant remained silent in an effort to hide his or her guilt (see Conyers, 52 NY2d at 459). But, here, defendant’s silence in the face of police questioning, which should have been excluded from evidence, was scarcely any more harmful than the properly admitted evidence that he had revealed his knowledge of the breaking and entering aspect of the crime at a time when such knowledge could only have flowed from his participation in the offense.
In that regard, defendant’s girlfriend told the police and, later, the jury, that on the day of the crime, defendant had pretended to be a police officer in order to convince her to open the door to her apartment. When she opened the door and saw defendant, she tried to close it again, but he pushed it open to force his way into the apartment, at which point she succumbed to a combination of his physical effort and oral entreaties. During their interview with defendant, the police did not disclose this information to him. Nonetheless, defendant told the police, “Honestly, do you think that I just broke the door down?” At the Huntley hearing, the court ruled this statement admissible, and therefore the jury properly received it regardless of whether they should have learned of defendant’s postarrest silence. Having heard that statement, the jury surely would have inferred that defendant was conscious of his own guilt insofar as he knew that he had used a ruse and then physical force to effectively break into the apartment to commit the crime. Consequently, the forbidden evidence of defendant’s postarrest silence did not significantly impact the outcome of the trial because, absent that evidence, the jury still would have drawn an adverse inference from defendant’s interactions with the police based on the admissible evidence (see People v Crimmins, 36 NY2d 230, 242 [1975]).
Furthermore, the evidence of defendant’s guilt was overwhelming (see id.; see also People v Boop, 118 AD3d 1273, 1273 [4th Dept 2014], lv denied 24 NY3d 1082 [2014]; see generally *197 Conyers, 49 NY2d at 183). After all, even without the contested proof of defendant’s silence, the jury still would have received the following fully admissible testimonial evidence: (1) defendant’s girlfriend’s consistent testimony, which in essential substance matched her statement to the police, that defendant had used a ruse to convince her to open the door to the apartment, that he had pushed the door open when she tried to close it on him, that he had brutally raped her, that she had called a friend to come to her aid and that she had reported the rape to the friend, who called the police; (2) the testimony of the friend, Nicole Veaudry, that the girlfriend had summoned her to the apartment immediately after the incident, had reported that something had occurred, had been shaking and crying, and had prompted Veaudry to call the police; (3) the testimony of police officers that the girlfriend was still upset when they responded to the 911 call and that the bathroom sink in her apartment had been dislodged; (4) the testimony that, in response to police questioning, defendant said, “Honestly, do you think that I just broke the door down?”; and (5) defendant’s grand jury testimony, in which he delivered an account of events that seemed to be tailored to match the medical and other evidence, which he admitted having reviewed prior to his testimony.
Additionally, without knowledge of defendant’s postarrest silence, the jurors still would have learned of the following physical evidence and explanatory testimony: (1) DNA evidence showing that defendant left his saliva on several of his girlfriend’s body parts during the incident; (2) physical evidence of numerous cuts and a hand-shaped mark on the girlfriend’s body; (3) physical evidence of a laceration between the girlfriend’s vagina and anus; and (4) the sexual assault nurse examiner’s testimony that this injury had been caused by blunt force trauma, that it was consistent with forcible sexual assault and that, while it could have theoretically occurred during consensual sex, the nature and location of the injury rendered a consent scenario unlikely. Given that the physical evidence corroborated defendant’s girlfriend’s account of a forcible rape and the testimonial proof thoroughly reinforced her credibility while undermining defendant’s, the evidence overwhelmingly established defendant’s guilt of the crimes of which he was convicted.
In sum, while I certainly do not condone the People’s use of defendant’s postarrest silence against him, I conclude that the *198 error was harmless, for the introduction of that evidence was not the likely source of his conviction. Rather, it was the highly persuasive and admissible proof of defendant’s guilt that ultimately led to the verdict here. Furthermore, I find defendant’s remaining contentions to be either unpreserved or lacking in merit. Accordingly, I respectfully dissent and vote to affirm the Appellate Division’s order.
Chief Judge Lippman and Judges Read, Rivera and Stein concur; Judge Abdus-Saeaam dissents in an opinion in which Judge Pigott concurs.
Order reversed and a new trial ordered.