■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH WATERS, Appellant. [46 NYS3d 792]—

Judgment, Supreme Court, New York County (Arlene D. Goldberg, J.), rendered January 4, 2010, convicting defendant, after a jury trial, of two counts of criminal sale of a controlled substance in the first degree, and sentencing him, as a second felony drug offender, to concurrent terms of 16 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations, including its evaluation of any discrepancies between an identifying officer's description of defendant and his actual appearance. There was ample direct and circumstantial evidence lacking any reasonable explanation except that defendant participated in the drug sales at issue.

The court properly admitted, under the hearsay exception

for coconspirator declarations, a recorded narcotics-related conversation between the codefendant and an undercover officer, in which the codefendant, using defendant's first name, implicated defendant. The People established the requisite independent prima facie showing that the defendant participated in the conspiracy (*see generally People v Caban*, 5 NY3d 143, 148-151 [2005]). There was extensive evidence connecting defendant to the conspiracy, including an officer's observations of defendant at the time of one of the sales. To the extent that defendant is arguing that the People improperly rendered the codefendant unavailable as a witness by joining him for trial with defendant, that claim is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits.

Defendant did not preserve his present claim that exclusion of the general public (as opposed to exclusion of a particular spectator not at issue on appeal) from the courtroom during the undercover officer's testimony was unwarranted, and we decline to review it in the interest of justice. Defendant's arguments are similar to arguments we rejected on the codefendant's appeal (*People v Spears*, 94 AD3d 498 [1st Dept 2012], *lv denied* 19 NY3d 1001 [2012]), and we find no reason to reach a different conclusion either as to preservation, or on the merits.

We perceive no basis for reducing the sentence. Concur— Friedman, J.P., Mazzarelli, Andrias, Feinman and Gesmer, JJ.