People v Smith (2020 NY Slip Op 05643)





People v Smith


2020 NY Slip Op 05643


Decided on October 9, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, CURRAN, BANNISTER, AND DEJOSEPH, JJ.


633 KA 19-01615

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ISAIAH SMITH, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 






DANIELLE NERONI REILLY, ALBANY, FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Melchor E. Castro, A.J.), rendered March 10, 2017. The judgment convicted defendant upon a jury verdict of robbery in the first degree (two counts), burglary in the first degree (two counts), burglary in the second degree, attempted robbery in the first degree, robbery in the second degree (three counts) and attempted robbery in the second degree. 
It is hereby ORDERED that said appeal from the judgment insofar as it imposed sentence is unanimously dismissed and the judgment is modified on the law by reversing that part convicting defendant of burglary in the second degree under count three of the indictment and dismissing that count and as modified the judgment is affirmed.
Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him following a jury trial of, inter alia, two counts of burglary in the first degree (Penal Law § 140.30 [2], [3]), two counts of robbery in the first degree (§ 160.15 [3]), one count of burglary in the second degree (§ 140.25 [2]), and three counts of robbery in the second degree (§ 160.10 [1], [2] [a]). County Court sentenced defendant to various concurrent and consecutive terms of imprisonment. Defendant was later resentenced, with the court reducing the term of postrelease supervision on count nine of the indictment and directing that "all other sentences imposed will remain the same." In appeal No. 2, defendant appeals from that resentence.
As defendant contends and the People correctly concede in appeal No. 1, count three of the indictment, charging burglary in the second degree, must be dismissed as a lesser inclusory concurrent count of counts one and two, charging burglary in the first degree (see CPL 300.40 [3] [b]; People v Clark, 90 AD3d 1576, 1577 [4th Dept 2011], lv denied 18 NY3d 992 [2012]; People v Ali, 89 AD3d 1417, 1418 [4th Dept 2011], lv denied 18 NY3d 922 [2012]). We therefore modify the judgment accordingly.
Defendant also contends in appeal No. 1 that the court should have suppressed his statements to the police because they were rendered involuntary by the investigator's coercive promises. Although the record on appeal contains a transcript from the Huntley hearing, it does not include any subsequent determination of the issues raised at that hearing. We thus conclude that defendant, "by failing to seek a ruling on that part of his omnibus motion seeking to suppress his statements and by failing to object to the admission in evidence of his statements at trial," has abandoned his contention that the statements should have been suppressed (People v Contreras, 154 AD3d 1320, 1321 [4th Dept 2017], lv denied 30 NY3d 1104 [2018]). Even assuming, arguendo, that the court at some point denied that part of defendant's omnibus motion seeking to suppress his statements, we cannot consider "the merits of defendant's contention inasmuch as it was 'defendant's obligation to prepare a proper record' . . . , and defendant failed to include in the record on appeal his omnibus motion challenging the admissibility of the statements . . . and the court's suppression ruling" (id.).
Defendant further contends in appeal No. 1 that there was an insufficient foundation for the admission in evidence of two exhibits containing surveillance videos. We disagree. Exhibit 25 was properly authenticated by the testimony of a witness to the recorded events (see People v Wemette, 285 AD2d 729, 730 [3d Dept 2001], lv denied 97 NY2d 689 [2001]; see generally People v Patterson, 93 NY2d 80, 84 [1999]), and exhibit 26 was properly authenticated by one of the operators or maintainers of the equipment (see People v Oquendo, 152 AD3d 1220, 1220-1221 [4th Dept 2017], lv denied 30 NY3d 982 [2017]; People v Lee, 80 AD3d 1072, 1073-1074 [3d Dept 2011], lv denied 16 NY3d 832 [2011]; see generally Patterson, 93 NY2d at 84).
Defendant's contention in appeal No. 1 that the prosecutor impermissibly questioned the investigator and defendant about defendant's pretrial silence is not preserved for our review (see People v Thomas, 169 AD3d 1451, 1451 [4th Dept 2019]; People v Boop, 118 AD3d 1273, 1273 [4th Dept 2014], lv denied 24 NY3d 1082 [2014]), and in any event lacks merit. Although as a general rule a prosecutor may not use a defendant's pretrial silence to impeach his or her trial testimony, that general rule is inapplicable where, as here, " 'a defendant speaks to the police and omits exculpatory information which he [or she] presents for the first time at trial' " (People v Harris, 57 AD3d 1523, 1524 [4th Dept 2008], lv denied 12 NY3d 817 [2009]; see generally People v Savage, 50 NY2d 673, 680-682 [1980], cert denied 449 US 1016 [1980]).
With respect to the rebuttal evidence presented at trial, defendant contends in appeal No. 1 that there was an inadequate foundation for the exhibits, that the evidence did not constitute proper rebuttal evidence, and that the exhibits were improperly withheld from discovery. During the People's offer of proof, defense counsel objected to the admission of the evidence on the ground that it would create a "hearsay issue." Defendant has thus "failed to preserve his present contentions for our review, because they differ from th[at] raised before the trial court" (People v Marra, 96 AD3d 1623, 1625 [4th Dept 2012], affd 21 NY3d 979 [2013]; see also People v Benton, 87 AD3d 1304, 1305 [4th Dept 2011], lv denied 19 NY3d 862 [2012]; People v Comerford, 70 AD3d 1305, 1305 [4th Dept 2010]). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
In appeal No. 1, defendant further contends that he was denied a fair trial by numerous instances of prosecutorial misconduct on summation. Even assuming, arguendo, that defendant preserved his contention that the prosecutor improperly commented on matters not in evidence or became an unsworn witness when she played the surveillance videos during her summation and commented on the people and actions depicted therein, we nevertheless reject that contention. The videos were admitted in evidence and, although they were not played for any witness during the trial, the prosecutor's comments during summation were based on matters in evidence or were "fairly inferrable" from the testimony as well as the videos themselves (People v Ashwal, 39 NY2d 105, 110 [1976]; cf. People v Wragg, 26 NY3d 403, 411-412 [2015]).
Defendant's remaining contentions in appeal No. 1 concerning prosecutorial misconduct are not preserved for our review inasmuch as defendant failed to object to those alleged improprieties (see People v Bassett, 112 AD3d 1321, 1322 [4th Dept 2013], lv denied 23 NY3d 960 [2014]). In any event, "[a]ny improprieties were not so pervasive or egregious as to deprive defendant of a fair trial" (People v Freeman, 78 AD3d 1505, 1505-1506 [4th Dept 2010], lv denied 15 NY3d 952 [2010] [internal quotation marks omitted]; see People v Dexter, 259 AD2d 952, 954 [4th Dept 1999], affd 94 NY2d 847 [1999]).
Inasmuch as defense counsel was made fully aware of the precise contents of the jury's substantive notes, we conclude that "[t]he court . . . complied with its meaningful notice obligations under CPL 310.30, and [defense] counsel was required to object in order to preserve for appellate review any challenge [in appeal No. 1] to the trial court's procedure" (People v Morris, 27 NY3d 1096, 1098 [2016]; see People v Nealon, 26 NY3d 152, 160-161 [2015]; People v Williams, 142 AD3d 1360, 1362 [4th Dept 2016], lv denied 28 NY3d 1128 [2016]). In any event, defendant's challenge to that procedure lacks merit.
Contrary to defendant's further contentions in appeal No. 1, we conclude that the verdict is supported by legally sufficient evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]) and, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we further conclude that the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495). We have reviewed [*2]defendant's remaining contention in appeal No. 1 and conclude that it lacks merit.
Inasmuch as the resentence in appeal No. 2 supersedes the original sentence in appeal No. 1, defendant's contentions related to the sentence must be addressed in appeal No. 2, and "the appeal from the judgment in appeal No. [1] insofar as it imposed sentence must be dismissed" (People v Hazzard [appeal No. 1], 173 AD3d 1763, 1764 [4th Dept 2019]). Defendant failed to preserve for our review his contention that he was penalized for asserting his right to trial (see People v Warmley, 179 AD3d 1537, 1539 [4th Dept 2020], lv denied 35 NY3d 945 [2020]; People v Stubinger, 87 AD3d 1316, 1317 [4th Dept 2011], lv denied 18 NY3d 862 [2011]), but we nevertheless retain the power to review the severity of the resentence under our broad and plenary "sentence-review power" (People v Delgado, 80 NY2d 780, 783 [1992]). We conclude, however, that the resentence is not unduly harsh or severe.
Entered: October 9, 2020
Mark W. Bennett
Clerk of the Court