People v Pryor (2022 NY Slip Op 02910)

People v Pryor

2022 NY Slip Op 02910

Decided on April 29, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 29, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, PERADOTTO, LINDLEY, AND WINSLOW, JJ.

238 KA 17-01153

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JENNIFER N. PRYOR, DEFENDANT-APPELLANT. 

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (THOMAS G. SMITH OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered May 25, 2017. The judgment convicted defendant upon a jury verdict of manslaughter in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting her upon a jury verdict of manslaughter in the first degree (Penal Law
§ 125.20 [1]), arising from an incident in which she repeatedly stabbed her husband, causing his death. Contrary to defendant's contention, viewing the evidence in the light most favorable to the People (see People v Gordon, 23 NY3d 643, 649 [2014]), we conclude that the evidence is legally sufficient to disprove defendant's justification defense (see generally Penal Law §§ 25.00, 35.00; People v Bleakley, 69 NY2d 490, 495 [1987]). Furthermore, viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495). The jury was entitled to credit the testimony of the People's witnesses and to consider the many inconsistencies between defendant's testimony at trial and her statements to medical personnel and the police, among others, and we perceive no reason to disturb the jury's credibility determinations in that regard (see People v Tetro, 175 AD3d 1784, 1788 [4th Dept 2019]). The jury was also entitled to conclude that the physical evidence failed to support defendant's versions of the events during and preceding the fatal stabbing, and we are satisfied that the jury's rejection of the justification defense was not contrary to the weight of the evidence (see generally People v Goley, 113 AD3d 1083, 1084 [4th Dept 2014]).
We reject defendant's contention that Supreme Court erred in declining to allow her to introduce her videotaped exculpatory statements in their entirety in response to the prosecutor's cross-examination of her (see People v Jimenez-Gomez, 198 AD3d 443, 444 [1st Dept 2021], lv denied 37 NY3d 1146 [2021]; People v Williams, 217 AD2d 713, 713 [2d Dept 1995], lv denied 87 NY2d 1026 [1996]), and we conclude that there was no violation of the rule of completeness (see generally People v La Belle, 18 NY2d 405, 410-411 [1966]). "By simply broaching a new issue on cross-examination, a party does not thereby run the risk that all evidence, no matter how remote or tangential to the subject matter opened up, will be brought out on redirect. Rather, the trial court must limit the inquiry on redirect to the 'subject-matter of the cross-examination [which] bear[s] upon the question at issue,' " and "the trial court should normally 'exclude all evidence which has not been made necessary by the opponent's case in reply' " (People v Melendez, 55 NY2d 445, 452 [1982]). Consequently, the prosecutor's use of portions of defendant's statements to impeach her credibility in this case did not entitle defendant to introduce her entire statements to bolster her own credibility (see People v Ramos, 70 NY2d 639, 640-641 [1987]).
Defendant objected on only one of several occasions on which she alleges that the prosecutor impermissibly questioned her about her pretrial silence, and thus her contentions with respect to the remaining instances of such questioning are not preserved for our review (see People v Thomas, 169 AD3d 1451, 1451 [4th Dept 2019]; People v Boop, 118 AD3d 1273, 1273 [4th Dept 2014], lv denied 24 NY3d 1082 [2014]). In any event, defendant's contentions with respect to both the preserved and unpreserved instances of questioning lack merit. The general rule that a prosecutor may not use a defendant's pretrial silence to impeach his or her trial testimony does not apply where, as here, " 'a defendant speaks to the police and omits exculpatory information which he [or she] presents for the first time at trial' " (People v Harris, 57 AD3d 1523, 1524 [4th Dept 2008], lv denied 12 NY3d 817 [2009]; see People v Smith, 187 AD3d 1652, 1654 [4th Dept 2020], lv denied 36 NY3d 1054 [2021]; see generally People v Savage, 50 NY2d 673, 680-682 [1980], cert denied 449 US 1016 [1980]).
The sentence is not unduly harsh or severe.
Entered: April 29, 2022
Ann Dillon Flynn
Clerk of the Court